UNITED STATES of America,
Appellant,

v.

Samuel N. POE, Appellee.

No. 18964.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 8, 1964.

Decided June 2, 1965.

———◆———

Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Frank Q. Nebeker and Oscar Altshuler, Asst. U. S. Attys., were on the brief, for appellant.

Mr. John Bodner, Jr., Washington, D. C., for appellee.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WASHINGTON, Circuit Judge.

EDGERTON, Senior Circuit Judge.

A jury convicted Poe, a 22-year-old indigent, of housebreaking and larceny. On August 27, 1963, the trial judge [1] sentenced him to imprisonment for two to six years. One year later the judge granted, after a hearing, a motion of new counsel to set aside the conviction and sentence under 28 U.S.C. § 2255. Poe v. United States, 233 F.Supp. 173 (1964). The government appeals.

The judge found the following undisputed facts. Poe told his court-appointed counsel before trial that he wished to take the stand and counsel agreed. No other defense was available. Counsel "understandably was unprepared for the situation that developed suddenly at the end of the Government's case" when the judge ruled that statements imputed to Poe were not admissible in evidence. Counsel was uncertain whether the government could use the statements for impeachment purposes if Poe testified. Counsel asked the judge to rule on this question. The judge refused. It was late in the day and counsel, "believing that the court wanted to conclude the case and submit it to the jury that afternoon,[2] felt impelled to make a quick decision on whether to put [Poe] on the stand." 233 F.Supp. at 177. He strongly urged Poe not to take the stand, on the ground that the government might be able to use the inadmissible statements for impeachment purposes. Because of counsel's urging, Poe "reluctantly" did

1. Circuit Judge J. Skelly Wright, sitting by designation pursuant to 28 U.S.C. § 291(c).

2. As the government points out, "Counsel was fully justified in so thinking. Twice during the trial the court indicated its desire to conclude the case that evening. On the second of these occasions, just before recessing to enable counsel to confer with appellee about whether or not the latter should take the stand, the court stated, 'If counsel have any requested instructions I would like to see them because we are going to send the case to the jury tonight.'"

not take the stand. 233 F.Supp. at 175. "The importance the jury attaches to the accused's not taking the stand and denying his guilt cannot be overemphasized. * * * In this case, the necessity for the petitioner's testifying was even greater than usual. All morning and afternoon of the day of the trial the Government called witnesses and presented evidence. When the petitioner's turn came, no defense was offered; not even the petitioner took the stand to deny his guilt. In view of this situation, with all the evidence on one side and none on the other, it was not surprising that the jury concluded the petitioner was guilty." 233 F.Supp. at 177.

We quote from the judge's Conclusions of Law: "there is an obligation on the part of both *the court* and trial counsel to inform the accused of his right to testify, if he so desires. Further, it is the *duty of both* to assure that the exercise of this basic right by the accused is a free and meaningful decision. * * * The applicable law would have permitted [Poe] to take the stand and deny all of the elements of the crimes charged in the indictment without giving leave to the Government to use the inadmissible statements." 233 F.Supp. at 176. (Emphasis added.) Because he "was not properly and fully informed of the state of the law", he could make "no meaningful decision" on whether to testify. "Unquestionably, if [he] had been informed of the applicable law, he would have testified in his own behalf. The failure to inform petitioner of the applicable law deprived him of a fair trial." 233 F. Supp. at 178.[3]

As the judge said, "The applicable law would have permitted the petitioner to take the stand and deny all of the elements of the crimes charged in the indictment without giving leave to the Government to use the inadmissible statements. In Walder v. United States, 347 U.S. 62, 65, 74 S.Ct. 354, 356, 98 L.Ed. 503 (1954), the Supreme Court said that a defendant 'must be free to deny all the elements of the case against him without thereby giving leave to the Government to introduce by way of rebuttal evidence illegally secured by it, and therefore not available for its case in chief.'" 233 F.Supp. at 176. Two months after the decision now here on appeal, we applied this rule to reverse two convictions and said: "To permit the Government to introduce illegally obtained statements which bear directly on a defendant's guilt or innocence in the name of 'impeachment' would seriously jeopardize the important substantive policies and functions underlying the established exclusionary rules." Johnson v. United States, 120 U.S.App.D.C. 69, 72, 344 F.2d 163, 166 (1964).

The trial judge found that appellant was deprived of a fair trial because he was misinformed as to the consequences of taking the stand to deny the charges against him. It is highly unusual and significant when a trial judge concludes that a defendant was unfairly convicted before him by reason of the action or inaction of the judge or counsel, or both. We should not disturb this conclusion unless it is clearly wrong. We cannot say that it is. Neither the facts we have summarized nor any called to our attention disprove the trial judge's scrupulous conclusion.

Our opinion is no broader than our decision. We deal solely with the extraordinary situation in which the trial judge himself has concluded that a defendant did not have a fair trial. We do not suggest that Poe was deprived of effective representation. The trial judge's conclusion that Poe did not have a fair trial is not necessarily and clearly wrong because the judge weighed, as only one factor in relation to others, the circumstance that but for counsel's mis-

3. In the view we take of the case it is immaterial that the judge added:
"Where the defense is substantially weakened because of the unawareness on the part of defense counsel of a rule of law basic to the case, the accused is not given the effective representation guaranteed him by the Constitution." 233 F.Supp. at 178.

taken impression of the law he would have put the defendant on the stand. Counsel has chosen to disclose his reason. If he had not disclosed it, or if he had indicated that his reason was a weakness in Poe's personality or a bad record, neither the District Court nor this court suggests that counsel's decision could have been questioned in any proceeding in any court. Counsel therefore remain free to keep defendants from testifying whenever counsel see fit. Any suggestion to the contrary is chimerical.

The judge's conclusion that Poe was deprived of a fair trial does not, as the government contends, conflict with Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667 (1945), and Mitchell v. United States, 104 U.S.App.D.C. 57, 259 F.2d 787 (1958). In neither of those cases was there any suggestion that the accused had been deprived of a fair trial by action or inaction of the trial judge. In neither of those cases did the trial judge conclude that the trial was unfair. In *Diggs* the question was "whether a prisoner may obtain a writ of habeas corpus on the sole ground that counsel properly appointed by the court to defend him acted incompetently and negligently during the proceedings." 80 U.S.App.D.C. at 6, 148 F.2d at 668. In *Mitchell* the question was whether a conviction should be vacated under 28 U.S.C. § 2255 on the sole ground that "counsel failed to move for acquittal, failed to cross-examine, failed to object to hearsay evidence, and failed to object to a patently erroneous charge to the jury." 104 U.S.App.D.C. at 59, 259 F.2d at 789. In both of those cases we agreed with the District Court's negative answer to the question. Nothing we said in either case, unless by way of dictum, touches the chief point in this case.

Affirmed.

WASHINGTON, Circuit Judge.

It is with some reluctance that I join with my brethren in their disposition of this case.

I do not think that counsel's representation was inadequate or ineffective, nor do I think the judge conducted the trial in such an improper manner that it rendered the conviction constitutionally defective and vulnerable to collateral attack. However, it seems clear that this is a most unusual case, of a type not likely to arise again, and that the majority has based its affirmance on very narrow grounds. Under the circumstances I am unwilling to vote to set aside the trial judge's conclusion that appellee was convicted without a fair trial.