**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph Hubert HOUSTON, Jr., Defendant-
Appellant.**

**No. 29647
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1970.

---

\* ▪ Rule 18, 5th Cir.: See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Gerald L. Burrows, Atlanta, Ga. (Court-appointed) for defendant-appellant; Ralph Hubert Houston, Jr., pro se.

William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Houston was convicted of possessing and transporting non-tax-paid whiskey in violation of 26 U.S.C.A. §§ 5205(a) (2) and 5604(a). On appeal, he contends that the District Court erroneously charged the jury regarding alibi and defendant's failure to testify. We affirm.

■ The District Judge charged the jury with regard to the defense of alibi as follows:

During the course of the trial of this matter the defendant has offered the defense of what is known as alibi. In other words, the defendant says, the defendant contends that he could not be guilty because he was not at the place at the time alleged in the indictment, as contended by the prosecution. In other words, evidence has been introduced by the defendant by which he seeks to establish what is called an alibi, that he was not present at the time and place where he is alleged to have committed the offense charged in the indictment. If after consideration of all of the evidence you entertain a reasonable doubt as to whether the defendant was present at the time and place alleged the alleged offense was committed, then of course you should acquit the defendant because obviously a man can't be in 2 places at one time. In other words, if he was at home with his wife and children as Mrs. Houston testified at this time, then obviously he wasn't driving this automobile down on Broad Street or wherever it was; and on the contrary, if he was driving the automobile down on Broad Street or wherever the evidence indicates, he obviously couldn't

be at home with his wife and children. He is just one man and he couldn't be at 2 places at the same time. So it is for you to decide whether the defense of alibi is justified in this case, as to whether the defendant was or was not present at the time and place indicated by the indictment.

Subsequently the court charged:

Now you doubtless observed during the trial of this matter that the defendant himself did not take the stand and testify as a witness in his own behalf, and the fact that he did not take the stand and testify as a witness in his own behalf makes it necessary that I charge you this principle of law. In this Court, a defendant who is on trial may take the stand and testify if he wishes to do so. If he does, he is placed under oath and subject to cross-examination and testifies just like any other witness. That is entirely within his choice as to whether he testifies or not. I charge you that the law does not compel a defendant to take the stand and testify and the fact that he has not taken the stand and testified should not create any presumption of guilt in your mind and no inference of any kind may be drawn from the failure of the defendant to testify because it is his right not to testify if he chooses so to do.

At his trial Houston retained counsel, whose competence and diligence remain unquestioned on this appeal. Immediately after the District Judge completed his charge to the jury, he excluded the jury from the courtroom and offered counsel an opportunity to object to the charge. At that time Houston's attorney stated that he had no objection to the judge's instructions. Now, however, Houston contends that the portions of the charge pertaining to alibi and his failure to testify violated his fifth amendment right to due process. Therefore, he urges that this Court must reverse his conviction, even absent a timely objection to the charge.

■ Ordinarily counsel's failure to file timely objection would preclude re-

view of the judge's charge. Fed.R. Crim.P. 30. Nevertheless, Houston asserts that the District Court's alibi charge was plain error. He relies on Stump v. Bennett, 8 Cir. 1968, 398 F.2d 111, in which the Eighth Circuit held that an Iowa rule shifting to the defendant the burden of proving an alibi charge by a preponderance of the evidence "reached the level of constitutional error and was prohibited by the Fourteenth Amendment." *Id.* at 113.

The dichotomy between proving an alibi by a preponderance of the evidence and using an alibi to create a "reasonable doubt" is manifest. Here there were prosecution witnesses able to identify Houston as the driver of an automobile carrying non-taxpaid whiskey. Houston's alibi was tendered to raise a reasonable doubt that he was in fact the driver. Coupled with the presumption of innocence, a credible alibi might have resulted in a jury verdict of acquittal. It taxes credulity to assert that a court which instructs the jury to acquit the defendant if it reasonably doubts his guilt, the very goal which the alibi defense was designed to achieve, thereby denies the defendant due process. We refuse to take this proffered leap into procedural chaos. *See also* Fed.R.Crim. P. 30, 52(b).

Likewise, we cannot agree that the charge with regard to Houston's failure to testify prejudiced the jury against him. Indeed, reviewing the charge as a whole, we would have more readily believed that the instruction was beneficial to the defendant. *See* Poe v. United States, D.D.C.1964, 233 F.Supp. 173, 177, aff'd, 1965, 122 U.S.App.D.C. 163, 352 F.2d 639; 18 U.S.C.A. § 3481. In any event, it is not error for a trial court, of its own volition, to charge a jury in accordance with 18 U.S.C.A. § 3481 that a defendant's failure to testify cannot be deemed detrimental to him. Dickinson v. United States, 5 Cir. 1970, 421 F.2d 630, 631; Bellard v. United States, 5 Cir. 1966, 356 F.2d 437, 439, cert. denied, 385 U.S. 856, 87 S.Ct. 103,

17 L.Ed.2d 83; *accord,* United States v. Carter, 6 Cir. 1970, 422 F.2d 519, 520–521.

Affirmed.