THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN KNOX, Defendant-Appellant.

First District (5th Division)    No. 77-1032

Opinion filed March 23, 1978.

Ralph Ruebner and John T. Maher, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Iris E. Sholder, and Mark E. Rakoczy, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Following a bench trial defendant, John Knox, was found guilty of the offenses of rape and deviate sexual assault and was sentenced to serve 8 to 10 years in the penitentiary. On appeal, defendant raises only one issue: that the trial court erred in failing to hold an evidentiary hearing on whether defendant's right to testify had been violated. We affirm.

A full recitation of the facts in evidence in this case is unnecessary since they have little bearing on the sole issue on appeal. However, to summarize, evidence was adduced that the prosecutrix positively identified defendant as the man who, on June 30, 1976, had forced her to drive her car to a secluded area, and then proceeded to have sexual intercourse with her and perform an act of cunnilingus upon her. Defendant had separated the prosecutrix from her escort for that evening, Mr. Wilbur Eugene, by fighting with him and knocking him to the ground. He then had forced the prosecutrix to drive away without Eugene in the car. The prosecutrix further testified that she escaped defendant when, after the rape and deviate sexual assault, but while continuing to drive her car under defendant's direction, she quickly turned into a gas station while blowing the auto horn and screaming. She stated that, at that point, defendant exited the car and ran away.

Robert Loveland, the attendant at the gas station involved in the occurrence, testified that he was working at the station when the car driven by the prosecutrix pulled in with its horn sounding continuously. Loveland identified the prosecutrix and defendant as the car's occupants and heard the prosecutrix scream at defendant to get out of her car. Defendant left the car and walked away, while the prosecutrix jumped out screaming that she had just been raped. Loveland noted that the prosecutrix was crying and very scared when he called the police. Subsequently, Loveland picked defendant's picture out of a number of mugshots shown him at the police department as being the man he saw in his gas station.

Loveland also testified that the man he saw that evening had a goatee, a mustache, and was wearing a small hat. He stated that he had no doubt in his mind that defendant was the man he saw get out of the prosecutrix's car. The prosecutrix was called by the defense as a rebuttal witness and stated that defendant was not wearing a hat anytime during this incident. It was stipulated by the parties that tests taken following this occurrence

revealed the presence of nonmotile sperm in a specimen taken from the prosecutrix.

After finding defendant guilty of the offenses of rape and deviate sexual assault, the court ordered a presentence investigation and set March 29, 1977, as the date for the sentencing hearing.

In a *pro se* "affidavit in support of motion" dated March 23, 1977, defendant stated that his attorney had prevented him from testifying in his own behalf, even though defendant had desired to do so. The statement read in pertinent part:

> "I told Mr. Kampenga that I wanted to testify about Nine time But he said I shouldn't Because the Judge would take my testimony As A Lie. I was patiently sitting there waiting for the Judge to Ask me Did I have anything to say Before I was found Guilty or not Guilty And if I wanted to testify."

At the hearing in aggravation and mitigation, defense counsel rested on the presentence investigation report. In aggravation, the State briefly summarized the facts of the case and introduced evidence of defendant's prior convictions for burglary and contributing to the sexual delinquency of a minor.

Defendant then made a statement to the court in which he denied his guilt and attacked the evidence presented against him at trial. He also stated again that his attorney did not let him testify.

> "Mr. Kampenga told me to wait, they had another witness to take the stand. So like I waited. Then he told me not to testify. I said well, I want to testify anyway, I ain't did nothing, I had no deviate sex assault with this lady."

However, after attacking the identification testimony of the State's witnesses defendant admitted that he had fought with Wilbur Eugene and had been riding in the prosecutrix's car that evening. The court then reviewed the basis for its judgment and sentenced defendant to a period of 8 to 16 years imprisonment with a 5-year mandatory parole period.

Opinion

Defendant contends that the trial court erred in failing to hold an evidentiary hearing to determine whether his right to testify was violated by his trial counsel. Defendant urges that since this issue was raised by unrebutted allegations in his post-trial affidavit and statement, it was incumbent upon the trial court to appoint another attorney and hold an evidentiary hearing. We must disagree.

■■ We do recognize, however, that a defendant who wishes may testify in his own behalf, even against the advice of his counsel. At the least, such a right in Illinois is statutorily based:

> "No person shall be disqualified as a witness in any criminal case

or proceeding by reason of his interest in the event of the same, as a party or otherwise, * * * [p]rovided, however, that a defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 155—1.)

Moreover, while neither the United States Supreme Court, nor the Illinois Supreme Court have expressly decided the question, we believe the better view to be that a defendant's right to testify is of a constitutional dimension.

While the cases on this latter question differ, we find the recent statement of the United States Court of Appeals for the Third Circuit in this regard logical and persuasive. That court considered the issue in *United States ex rel. Wilcox v. Johnson* (3d Cir. 1977), 555 F.2d 115, and its statement is, in our view, worth excerpting at some length:

"As the District Judge reasoned, under the common law, criminal defendants were not competent to give sworn testimony in their own behalf. This disability has been removed by the enactment of federal and state laws granting the privilege of an accused to testify in his own defense. The right to testify is not specifically granted by the Constitution. Thus, if a defendant in a State court has a Federal constitutional right to testify, that guarantee must emanate from the due process requirements of the Fourteenth Amendment. See *U.S. v. Ives*, 504 F.2d 935 (9th Cir. 1974), *vacated* 421 U.S. 944, 95 S. Ct. 1671, 44 L. Ed. 2d 97 (1975).

A number of cases have specifically held that a criminal defendant has no constitutional right to testify in his own behalf. *Sims v. Lane*, 411 F.2d 661 (7th Cir. 1969), *cert. denied*, 396 U.S. 943, 90 S. Ct. 378, 24 L. Ed. 2d 244 (1969); *Sims v. State*, 246 Ind. 660, 208 N.E.2d 469 (1965); *Kinder v. Commonwealth of Ky.*, 269 S.W.2d 212 (Ky. 1954); *State v. Hutchinson*, 458 S.W.2d 553 (Mo. 1970) (en banc); *cf. U.S. v. Von Roeder*, 435 F.2d 1004 (10th Cir. 1970), *cert. denied*, 403 U.S. 934, 91 S. Ct. 2264, 29 L. Ed. 2d 713 (1971). Another line of cases, while avoiding the question of whether the 'right to testify' is of constitutional dimension, have stated that no relief can be granted where competent counsel makes a strategic determination that the defendant not testify. *U.S. v. Poe*, 122 U.S.App.D.C. 163, 352 F.2d 639 (1964); *U.S. v. Gargulio*, 324 F.2d 795 (2nd Cir. 1963); *Sims v. State, supra; Kinder v. Commonwealth of Ky., supra*. However, as the District Judge concluded: '[r]ecent decisions, in both the state and federal courts, have cast considerable doubt on the continued validity of the [above] cases * * *.' (D.C. Op. at 13).

Numerous federal cases have intimated that a defendant in a

criminal trial may have a constitutional right to testify. *Harris v. New York*, 401 U.S. 222, 225, 91 S. Ct. 643, 645, 28 L. Ed. 2d 1 (1971), stated: 'Every criminal defendant is privileged to testify in his own defense, or to refuse to do so.' In *Brooks v. Tennessee*, 406 U.S. 605, 92 S. Ct. 1891, 32 L. Ed. 2d 358 (1972), the Supreme Court held that a Tennessee statute which required that a criminal defendant who desires to testify must do so before any other testimony for the defense is presented, violates the defendant's privilege against self-incrimination. The Court noted that 'whether the defendant is to testify is an important tactical decision as well as a matter of constitutional right.' 406 U.S. at 612, 92 S. Ct. at 1895. *Winters v. Cook*, 489 F.2d 174, 179 (5th Cir. 1974), stated that criminal defendants' right to testify personally is 'such an inherently personal fundamental right that it can be waived only by the defendant and not by his attorney.' *U.S. v. Bentvena*, 319 F.2d 916 (2nd Cir. 1963), *cert. denied sub nom., Ormento v. U.S.*, 375 U.S. 940, 943, 84 S. Ct. 345, 11 L. Ed. 2d 271 (1963), recognized that 'the statutory "privilege" to testify in one's own behalf has come to be recognized as having an importance similar to the right to be present at one's trial and to present a defense.' In *Poe v. United States*, 233 F. Supp. 173 (D.D.C. 1964), *aff'd*, 122 U.S. App. D.C. 163, 352 F.2d 639, the court granted a new trial where the erroneous advice of trial counsel dissuaded defendant from testifying in his own defense. Judge J. Skelly Wright, sitting by special designation as Trial Judge, remarked that:

'the right to testify is a basic right, and there is an obligation on the part of both the Court and trial counsel to inform the accused of his right to testify, if he so desires. Further, it is the duty of both to assure that the exercise of this basic right by the accused is a free and meaningful decision. The right to testify is personal to the accused. He must make the ultimate decision on whether or not to take the stand. In this regard, it is unlike other decisions, which are often called trial decisions," where it is counsel who decides whether to cross-examine a particular witness or introduce a particular document. Here it is the accused who must decide and it is the duty of counsel to present to him the relevant information on which he may make an intelligent decision.' *Poe v. U.S., supra*, at 176.

Furthermore, the Supreme Courts of three states have specifically held that a defendant in a criminal proceeding has a constitutional right to testify. *People v. Robles*, 2 Cal. 3d 205, 85 Cal. Rptr. 166, 466 P.2d 710 (Cal. 1970); *Hughes v. State*, 513 P.2d 1115 (Alaska 1973); *State of Arizona v. Nobel*, 514 P.2d 460 (Ariz.

1973). These cases teach that a criminal defendant's right to testify in his own defense is of such fundamental importance that no defendant should 'be deprived of exercising that right and conveying his version of the facts to the court or jury, regardless of competent counsel's advice to the contrary.' *Hughes v. State, supra,* at 1119.

The District Judge examined this most recent line of federal and state cases and having discerned an enlightened trend, concluded:

'In my view, Wilcox had a constitutional right to testify at his second rape trial. The approach to this issue suggested in *Simms [Sims] v. Lane,* [411 F.2d 661 (7th Cir. 1969)], is far too inflexible, and is too easily subject to abuse. The analysis of a criminal defendant's right to testify, as set forth in [*People v. Robles,* [2 Cal. 3d 205], 85 Cal. Rptr. 166, [466 P.2d 710] (1970); *Hughes v. State,* 513 P.2d 1115 (Alaska 1973); and *U.S. v. Bentvena,* 319 F.2d 916 (2d Cir. 1963)], properly focuses on the defendant's right to participate actively in the defense of his case. The importance of preserving this right could not be more apparent than it is in this case, where the judge and jury at the second criminal trial were asked to sit through a charade, simply because trial counsel felt that a defense based on "consent" would be more advantageous to the defendant. Any contrary holding would strongly imply that if state statutes authorizing criminal defendants to testify were repealed, thereby rendering criminal defendants incompetent to testify, a state court could constitutionally refuse to permit any criminal defendant from testifying. Such a result clearly would be out of step with the current state of the law. Indeed, it would be ironic to find that the right against self-incrimination is entitled to constitutional protection, but the right to articulate a defense is not.' D.C. Op. at 16-17.

It appears that the District Judge's pronouncement of a criminal defendant's constitutional right to testify in his own behalf fairly reflects the recognition of such a right by the federal courts." (555 F.2d 115, 118-19.)

We concur with this statement. Furthermore, we believe it would be anomalous indeed that the sixth and fourteenth amendments to the United States Constitution guaranteed a criminal defendant the right to make his own defense by representing himself as *pro se* counsel (*Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525), yet that same defendant possessed no constitutional right to testify in his own defense.

Despite the foregoing, however, we believe that defendant's contention

in the instant case should be rejected. The record does not support either his contention that he was prevented from testifying or that an evidentiary hearing on this question was required.

The ultimate decision on whether to testify should be made by the defendant, with the advice of counsel. (See, *e.g., Winters v. Cook* (5th Cir. 1973), 489 F.2d 174; *Hughes v. State* (Alas. 1973), 513 P.2d 1115; *People v. Robles* (1970), 2 Cal. 3d 205, 466 P.2d 710, 85 Cal. Rptr. 166.) This principle was recognized by our supreme court in *People v. Brown* (1973), 54 Ill. 2d 21, 294 N.E.2d 285, citing the American Bar Association's Minimum Standards for Criminal Justice.[1] However, counsel is free to urge his professional opinion on his client (see *People v. Brown*), and if the client acquiesces in his counsel's conduct in this regard he should be bound by such action. (See *People v. Novotny* (1968), 41 Ill. 2d 401, 244 N.E.2d 182.) Like any other right, the right to testify may be waived.

Thus, even in those jurisdictions which have heretofore recognized that a defendant has a constitutional right to testify, such right is "subject to the limitation that the defendant make his objection known at trial, not as an afterthought." (*State v. Tillery* (1971), 107 Ariz. 34, 481 P.2d 271, 275, *cert. denied* (1971), 404 U.S. 847, 30 L. Ed. 2d 84, 92 S. Ct. 151, citing *State v. Martin* (1967), 102 Ariz. 142, 147, 426 P.2d 639, 644.) Again, as noted by the Arizona Supreme Court:

> "Were defendant's desires to testify in his own behalf as strong and unrelentless as he now claims they were, he would not have maintained his silence throughout the entire trial. He might very easily have directed his request to the court or made motion to have his attorney removed." (*State v. Tillery* (1971), 107 Ariz. 34, 37, 481 P.2d 271, 274.)

We find that such principles are applicable to the instant case.

■■ In the case at bar, it is obvious that defendant was fully aware of his right to testify and of the implications of so doing. Defense counsel made it clear that his advice that defendant not testify was a tactical one intended for defendant's own benefit. Faced with this advice, it was only following a finding of guilt that defendant asserted his claim that he had desired to testify all along, but was improperly prevented from doing so by his attorney. Such an assertion at that point is hardly surprising. As our supreme court noted:

> "By hypothesis, in every case in which the issue is raised, the lawyer's advice [not to testify] will in retrospect appear to the defendant to have been bad advice, and he will stand to gain if he

---

[1] In *People v. Brown* the court did not expressly consider the issue of whether a defendant had a constitutional right to testify. In affirming the denial of a post-conviction petition the *Brown* court merely stated that while defendant alleged a denial of his constitutional rights by his counsel's refusal to allow him to testify, "[i]n the absence of a contemporaneous assertion by the defendant of his right to testify, the trial judge properly denied an evidentiary hearing." 54 Ill. 2d 21, 24, 294 N.E.2d 285, 287.

can succeed in establishing that he did not testify because his lawyer refused to permit him to do so." (*People v. Brown* (1973), 54 Ill. 2d 21, 24, 294 N.E.2d 285, 287.)

Yet, absent anything in the record to support this assertion we believe defendant must be held to have knowingly waived his right to testify.

In the instant case, no such support appears in the record. If defendant had desired so strongly to testify he certainly could have made this evident to the court, and when defense counsel rested and closing arguments commenced it would be clear to anyone that defendant should have asserted his desire to testify at that point in the proceedings. Having competent counsel, we cannot assume defendant was unaware of the significance of the defense resting its case. Based on this record, with no indications during the trial of a desire to testify and with no reasons alleged why defendant might have been unable to express his desire to the court, we believe the trial court could properly conclude that defendant acquiesced in his counsel's decision not to place him on the stand. No evidentiary hearing was required on this issue.

■■ In addition, we note that assuming *arguendo* that the failure to hold such a hearing was error, it could only be harmless error. Defendant was allowed substantial latitude in his statement to the court during the sentencing hearing. At first he attacked the testimony of the State's witnesses, claiming that there had been a "mistake in identity." He then admitted, however, that he was in the car with the prosecutrix that night and that he had fought with her escort, Wilbur Eugene. The trial court is certainly not required to ignore such admissions. Furthermore, defendant's prior two convictions would surely have been used to impeach him and discredit any testimony he would have given. Lastly, the evidence of defendant's guilt was clear, convincing, and overwhelming. The prosecutrix's claim of rape was corroborated and the identifications were positive. Medical tests revealed the presence of sperm, and defendant himself stated he was present in her car that evening.

■■ Finally, we also conclude that defendant's arguments may not be used to infer, let alone establish, a contention that his trial counsel was incompetent. The trial was clearly not reduced to a sham or farce (see *People v. Virgil* (1977), 54 Ill. App. 3d 682, 370 N.E.2d 74) by his failure to put defendant on the stand. In fact, it is obvious that counsel's advice was well founded, judging by defendant's propensity during the sentencing hearing to volunteer incriminating information.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.