**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Arthur CURTIS, Defendant-Appellant.**

**No. 81CA0563.**

Colorado Court of Appeals, Division 2.

Oct. 14, 1982.

Rehearing Denied Nov. 4, 1982.

Certiorari Granted Jan. 24, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Allen, Foreman & Mueller, Norman R. Mueller, Susan L. Foreman, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals his conviction of assault in the first degree and the use of a deadly weapon. We reverse and remand for a new trial.

The victim was shot as he entered his home one afternoon. The identity of the assailant was at issue at trial with defendant presenting the defense of alibi.

The defendant did not testify on his own behalf at trial. However, at a hearing on an amended motion for a new trial, he testified that the decision that he not testify at trial had been that of his counsel and he did not realize that he could overrule his lawyer's decision.

## I.

The defendant has a constitutionally protected right to testify on his own behalf. *People v. Chavez,* 621 P.2d 1362 (Colo.1981) (Quinn, J., specially concurring). In deciding as to a waiver of this right, the defense counsel must be governed by the will of the defendant. *McClendon v. People,* 174 Colo. 7, 481 P.2d 715 (1971). *See also Winters v. Cook,* 489 F.2d 174 (5th Cir.1973).

A waiver is "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937). And, relative to the right here at issue: "Strong and unmistakable circumstances may upon occasion establish an effective equivalent to an express waiver. To constitute such a waiver, the attendant facts must show clearly and convincingly that the accused did relinquish his constitutional rights knowingly, intelligently and voluntarily." *Reed v. People,* 171 Colo. 421, 467 P.2d 809 (1970). Also, whether a proper waiver exists is to be determined by the trial court, and the basis of that determination should appear on the record. *Johnson v. Zerbst, supra.*

In light of these considerations, we hold that when there is ostensibly a waiver of this fundamental right by a defendant,

the trial court has a duty and obligation to question the defendant to ascertain whether that waiver was made by the defendant with a complete understanding of his rights, including the right to override the contrary advice of his counsel. *See U.S. v. Poe,* 352 F.2d 639 (D.C.Cir.1965).

■ The record here is devoid of any attempt by the trial court to ascertain whether the defendant knowingly and intelligently waived his right to testify. Hence, because the record does not contain a showing as to defendant's understanding of the waiver and also because the record discloses that defendant was intoxicated at the time the defense rested, we cannot conclude that a proper waiver occurred, and thus, the judgment of conviction cannot stand.

This case is distinguishable from *People v. Palmer,* 631 P.2d 1160 (Colo.App.1981) (cert. granted July 20, 1981). In that case, the defendant's counsel summarized to the court the discussion between himself and his client in which they agreed that the defendant would waive the right to testify. In finding no error, the majority there concluded that: "Such a statement of defense counsel may be relied upon by the court, especially when the client is present and says nothing." In contrast, here the record does not show any attempt by the trial court to ascertain whether the client had even participated in the decision that he not testify on his own behalf.

## II.

Since there is a likelihood that the issue will reoccur upon a new trial, we address the defendant's other contention of error.

The defendant contends that the trial court erred when it permitted the victim to testify concerning a prior assault by the defendant on the victim. We disagree.

■ Evidence of other similar acts may be admitted "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Colorado Rules of Evidence 404(b). Here, the prior attack by the defendant on the victim is admissible as evidence of intent in

that it is probative of malice and ill toward the victim. *See People v. Madson,* 638 P.2d 18 (Colo.1981). However, admission of the evidence requires strict compliance with the procedure set out in *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959) and the criteria of *People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979).

The judgment is reversed and the cause is remanded for a new trial.

PIERCE and STERNBERG, JJ., concur.