The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

**Gale Paul ULLERICH,**
**Defendant-Appellant.**

**No. 82CA1254.**

Colorado Court of Appeals,
Div. III.

Nov. 23, 1983.

Rehearing Denied Dec. 15, 1983.

Certiorari Denied May 7, 1984.

Duane Woodard, Atty. Gen., Michael Kane, Deputy Dist. Atty., Denver, for plaintiff-appellee.

Louis A. Weltzer, David L. Worstell, Denver, for defendant-appellant.

TURSI, Judge.

On appeal of his conviction for first degree assault, defendant, Gale Paul Ullerich, contends, *inter alia*, that the trial court committed plain error in failing to ascertain on the record, a knowing and intelligent waiver of his right to testify. We affirm.

Generally, there may be no appellate review of issues not raised in a motion for new trial. Crim.P. 33(a). *People v. Hallman*, 44 Colo.App. 530, 624 P.2d 347 (1980), *aff'd*, 652 P.2d 173 (Colo.1982). An exception to this rule exists where there is a claim that the trial court has committed plain error prejudicial to substantial rights. Crim.P. 52(b). *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972).

After *People v. Curtis*, 657 P.2d 990 (Colo.App.1982) *(cert. granted* January 24, 1983) was announced, Ullerich, in this appeal, raised for the first time the contention that it was per se plain error for the trial court to fail to ascertain on the record that he completely understood the waiver of his right to testify. We disagree.

In his motion for new trial, Ullerich did not allege that the trial court committed error in not ascertaining the waiver of his right to testify on the record. Further, on this appeal, Ullerich does not claim that the waiver of his right to testify was not knowing, intelligent, or voluntary. *See Watkins v. People*, 655 P.2d 834 (Colo. 1982) and *Reed v. People*, 171 Colo. 421, 467 P.2d 809 (1970).

Thus, we are not faced with a situation in which the defendant disputed his attorney's decision that he not testify, *People v. Palmer*, 631 P.2d 1160 (Colo.App.1981) (Kirshbaum, J., dissenting) *(cert. granted* July 20, 1981), or in which the defendant asserted that he was not adequately informed of his rights and was intoxicated at the time the defense rested. *People v. Curtis, supra.*

The *Curtis* decision relied on *United States v. Poe*, 352 F.2d 639 (D.C.Cir.1965). In *Poe*, the defendant was misinformed by counsel of his right to testify. Based on that misinformation, the defendant "reluctantly" waived his right to testify. Moreover, the *Poe* decision was expressly limited to a situation in which the trial court concludes that the defendant did not receive a fair trial.

In the absence of an evidentiary record, an appellate court may not speculate about the reason or reasons underlying the fact that defendant did not testify. In cases such as the one before us, an evidentiary basis for such a challenge, if any exists, may be developed in a Crim.P. 35(c) proceeding.

Ullerich's remaining contentions of error are without merit.

Judgment affirmed.

STERNBERG and BABCOCK, JJ., concur.