THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARLOS RASO, Defendant-Appellant.

First District (4th Division)   No. 1—90—3409

Opinion filed September 17, 1992.

Michael J. Pelletier and Anne E. Meyer, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Randall E. Roberts, and Margaret J. Faustmann, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant was found guilty of first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1) and sentenced to 30 years' imprisonment. On appeal, defendant contends solely that his conviction should be reversed because the record does not reflect that he waived his constitutional right to testify at trial.

The charges in this case stemmed from a gang-related, drive-by shooting which occurred around midnight on September 16, 1988, at the corner of 46th Street and South Honore in Chicago. Defendant was identified by two witnesses as one of three persons in the front

seat of a black car which was driven down 46th Street when the shooting took place. One of these witnesses also identified defendant as the person who fired the shot that killed Ida Garcia as she stood at that location with another person known to be a member of a rival gang.

The defense case consisted of two stipulations. The first concerned the testimony of a bystander who told police that she had seen a white man leaning across a vehicle and firing what appeared to be a rifle in the direction of 1822 West 46th Street. The parties also stipulated that four spent .22 caliber cartridges were recovered from the parkway grass next to that vehicle and metal fragments in the front door area of the building at 1822 West 46th Street. These fragments could not be matched with those which were removed from the body of the victim because the latter were too mutilated, but it was possible that they would weigh out to .22 caliber.

At the close of evidence and the arguments of counsel, the trial court found defendant guilty of first degree murder. Prior to sentencing, defense counsel filed a motion for a new trial focusing his argument on the sufficiency of the evidence to sustain the court's finding. No mention was made of defendant's failure to testify at trial, and when defendant exercised his right of allocution at the sentencing hearing, he asked only that the court have mercy on him.

In this appeal, defendant maintains that his conviction should be reversed because the record does not reflect that he waived his constitutional right to testify. In presenting the issue for review, defendant appears to acknowledge the lack of any statute or supreme court rule which requires a specific inquiry into this matter, or a definitive procedure or showing on the record. Nevertheless, defendant urges that this court recognize the necessity of an on-the-record waiver by defendant of this basic right and deem the lack thereof in this case to warrant a new trial. The State initially responds that defendant has waived appellate review of this issue; and, alternatively, maintains that defendant's argument with regard to it is without merit.

The record clearly shows that at no time during the course of the proceedings of record did defendant indicate a desire to exercise his right to testify in his own behalf. The record also shows that defendant did not raise the matter in his written post-trial motion, nor bring it to the attention of the trial court during the proceedings held in conjunction with that motion, or during the sentencing phase of the same proceeding. By failing to bring the matter to the attention of the trial court in the manner specified by the supreme court in *People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, defendant has not

properly preserved the issue for appeal. Consequently, our review is limited to certain constitutional issues, the sufficiency of the evidence and plain error. (*People v. Turner* (1989), 128 Ill. 2d 540, 555, 539 N.E.2d 1196, citing *Enoch*, 122 Ill. 2d at 190.) In this case defendant has not questioned the sufficiency of the evidence to sustain his conviction, and for the reasons which follow, we find the remaining avenues equally unavailing.

Plain error may be invoked when the evidence is closely balanced or if the error is of such magnitude that the accused is denied a fair and impartial trial. (*People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 457.) Our review of the record indicates that neither of these factors was evident. To the contrary, the record shows that defendant was represented by private counsel throughout the proceedings, and that counsel pursued a trial strategy which relied on the State's inability to prove defendant guilty of the offense beyond a reasonable doubt. If this strategy did not prove successful, it does not indicate that defendant was denied a fair and impartial trial. (See *People v. Berry* (1988), 172 Ill. App. 3d 256, 526 N.E.2d 502.) In addition, where defendant expressed no desire to testify during the course of the various circuit court proceedings, and on appeal defendant has not asserted that he wished to do so, we draw the conclusion that defendant agreed to the trial strategy pursued by his attorney, and that his late claim of a deprivation of a basic constitutional right is without merit. See *People v. Salazar* (1991), 211 Ill. App. 3d 899, 570 N.E.2d 802; see also *Berry*, 172 Ill. App. 3d 256, 526 N.E.2d 502.

As to the constitutional prong of our inquiry, we note that review is limited to constitutional issues which have been properly raised at trial and which later can be raised in a post-conviction petition. (*People v. Enoch* (1988), 122 Ill. 2d 176, 190.) In this case defendant did not raise the matter at trial, and he has not contended on appeal that his counsel prevented him from testifying which, in certain cases, has been recognized as a cognizable post-conviction claim. (See *People v. Jones* (1988), 168 Ill. App. 3d 925, 522 N.E.2d 1325.) Thus, we also find this avenue of no portent to defendant.

■ Notwithstanding the above, we agree with defendant that a criminal defendant is guaranteed the right to testify in his own behalf under the United States Constitution. (U.S. Const., amends. V, VI, XIV.) This right, however, like all others, may be waived. (*People v. Knox* (1978), 58 Ill. App. 3d 761, 374 N.E.2d 957; *People v. Sanders* (1991), 209 Ill. App. 3d 366, 568 N.E.2d 200.) The decision as to whether or not to testify is ultimately made by defendant (*People v. Brown* (1973), 54 Ill. 2d 21, 294 N.E.2d 285), and it should be made

with the advice of counsel. (*Knox*, 58 Ill. App. 3d 761.) Here, as we have already found, the circumstances indicate that defendant acquiesced in the trial strategy employed by his trial counsel, and we thereby conclude that he waived his right to testify. *Sanders*, 209 Ill. App. 3d 366.

■ There is no supreme court rule or statute which requires the trial court to inquire or set of record defendant's decision on this matter comparable to that required to establish a valid jury waiver (Ill. Rev. Stat. 1989, ch. 38, par. 103—6) or a voluntary guilty plea. (Ill. Rev. Stat. 1989, ch. 38, pars. 113—4(c); 134 Ill. 2d Rules 402, 605.) On the other hand, we observe that since Rule 605 does not require the court to admonish a defendant of the necessity of filing a motion to reconsider his sentence where that is the only claim arising from his plea proceeding, before filing notice of appeal from the judgment, the trial court's failure to admonish defendant of this procedural matter will not provide a basis for preserving the issue on appeal. (See *People v. Gerdes* (1990), 196 Ill. App. 3d 133, 553 N.E.2d 108.) In our opinion, this ruling reflects the long-standing recognition that the function of a reviewing court is to interpret the law (see *In re Estate of Malone* (1991), 198 Ill. App. 3d 960, 556 N.E.2d 678), *i.e.*, to enforce the law as enacted, rather than determine what the law ought to be. (See *Trittipo v. O'Brien* (1990), 204 Ill. App. 3d 662, 561 N.E.2d 1201.) Thus, in the absence of any legislative enactment or supreme court rule (see *People ex rel. Brazen v. Finley* (1988), 119 Ill. 2d 485, 519 N.E.2d 898) requiring that defendant's waiver of his right to testify be explicitly made of record, we find no error in the case at bar warranting the relief requested.

The judgment of the circuit court of Cook County is therefore affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.