30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth C. VOSBERG, Petitioner-Appellant,
v.
Honorable Richard H. HART, Judge in and for the Fifth
Judicial District, State of Colorado; Frank
Gunter, Executive Director of the
Colorado Department of Corrections,
Respondents-Appellees.
 No. 93-1408.
 United States Court of Appeals, Tenth Circuit.
 Aug. 3, 1994.
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Kenneth C. Vosberg was convicted of sexually abusing his four-year-old daughter, in violation of Colo.Rev.Stat. Ann. 18-3-405. His conviction was affirmed on direct appeal, and his state post-conviction action was denied. Petitioner then filed a 28 U.S.C. 2254 petition for writ of habeas corpus, claiming his trial attorney rendered ineffective assistance in nine respects. The district court found that petitioner failed to show ineffective assistance under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Petitioner now appeals. We exercise jurisdiction under 28 U.S.C. 2253 and affirm. We review de novo the district court's ultimate conclusion on claims of ineffective assistance of counsel. See Denton v. Ricketts, 791 F.2d 824, 827 (10th Cir.1986).
 
 
 5
 To prove ineffective assistance of counsel, petitioner must show that his counsel's performance was constitutionally deficient and the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. For the deficient performance prong, petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The prejudice prong of the test requires petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.
 
 
 6
 Petitioner contends that his trial counsel provided ineffective assistance by attempting to admit polygraph evidence showing petitioner's truthfulness. We agree with the district court that counsel's actions could not have resulted in prejudice because the jury heard neither the polygraph evidence nor counsel's arguments on this issue.
 
 
 7
 For the same reason, we reject petitioner's claim that his counsel demonstrated incompetence by attempting to admit inadmissable character profile testimony of Dr. Selkin. Dr. Selkin did not testify to petitioner's character profile and the jury heard none of counsel's argument on this issue. Counsel's conduct, therefore, could not have resulted in prejudice.
 
 
 8
 Ineffective assistance of counsel was also demonstrated, according to petitioner, by counsel's failure to request an instruction regarding the credibility of out of court statements made by the child victim, pursuant to Colo.Rev.Stat. 13-25-129(2) (1987 Repl.Vol.). Although several witnesses testified to the victim's hearsay statements, petitioner limits his argument on appeal to the hearsay testimony of Connie Palermo, the victim's grandmother. On direct appeal, the Colorado Court of Appeals found that the victim's statements to Ms. Palermo were admissable under the excited utterance exception to the hearsay rule--a finding to which petitioner does not object. By the express terms of 13-25-129(2), a special jury instruction is required only when the hearsay statement is admitted pursuant to that statute. When, as here, a hearsay statement is admissable under a specific exception to the hearsay rule, "the requirements of section 13-25-129 should never come into play." People v. Bowers, 801 P.2d 511, 517 n. 4 (Colo.1990)(in banc). We hold that the failure to request a 13-25-129(2) jury instruction was not unreasonable because the instruction was not warranted under Colorado law.
 
 
 9
 Next, petitioner argues that his counsel failed effectively to impeach Connie Palermo, see Appellant's Br. at 13. Petitioner relies on his expert witness, Craig Truman, who testified[2] that the inartful impeachment of Ms. Palermo fell below the Strickland standard and was tremendously prejudicial. Appellant's App., doc. A at 24. We have carefully reviewed counsel's examination of Ms. Palermo. We agree with the district court that while trial counsel's tactics could be described as inartful, his performance did not fall below an objective standard of reasonableness.
 
 
 10
 Petitioner also claims that his counsel provided ineffective assistance when he stipulated that the victim had been sexually assaulted. It is evident from the transcript that counsel's defense strategy was to admit the possibility of sexual assault while creating reasonable doubt as to whether petitioner was the perpetrator of the assault. Counsel repeatedly attempted to demonstrate that the victim, on numerous occasions at her grandmother's house, could have either observed sexual acts or been sexually assaulted. Petitioner has failed to produce any evidence to overcome the presumption that counsel's stipulation was "sound trial strategy." Strickland, 466 U.S. at 689.
 
 
 11
 Next petitioner claims that his counsel failed to object to the testimony of Carolyn Braddock, a psychotherapist, who testified that children the victim's age rarely lie about sexual assaults. Such testimony was allowable under Colorado law. See People v. Ashley, 687 P.2d 473, 475 (Colo. Ct.App.1984). Therefore, counsel's failure to object was not unreasonable.
 
 
 12
 Finally, petitioner claims that his counsel was generally ineffective at trial. Counsel asked the social worker objectionable questions, promised the jury they would hear evidence that was later ruled inadmissable, and disclosed that petitioner had problems with alcohol and drug abuse and had been fired from his job. After reviewing the entire record, we conclude, as the district court concluded, that "the representation given and tactical decisions made by trial counsel, while easily questioned in hindsight, fall considerably short of the type of misrepresentation contemplated in Strickland " Vosberg v. Hart, No. 92-F-1352, slip op. at 10 (D. Colo. Sept. 23, 1993).
 
 
 13
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Mr. Truman testified at a hearing in state court on petitioner's motion for post-conviction relief