(No. 39414.—

The People of the State of Illinois, Appellee, *vs.* Charles Thomas, Appellant.

*Opinion filed November 30, 1967.*

322

Ward, J., took no part.

Burton T. Witt, of Chicago, appointed by the court, for appellant.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and Robert A. Novelle, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Solfisburg delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cook County, denying defendant's petition for a hearing under the Post-Conviction Hearing Act. On June 15, 1961, defendant, Charles Thomas, pleaded guilty to two charges of rape and two charges of robbery and was sentenced to a prison term of 35 years on the charges of rape and from one to ten years in the penitentiary on the robbery charges, all sentences to run concurrently. Thereafter defendant appealed to this court and his conviction was affirmed. (27 Ill.2d 331.) He then filed a petition for hearing under the Post-Conviction Hearing Act and the State filed a motion to dismiss, which was sustained and the petition dismissed.

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1965, chap. 38, par. 122—1 et seq.), provides a statutory

remedy for any person in prison in violation of his constitutional rights. (*People* v. *Jennings,* 411 Ill. 21.) However, it is not the function of that Act to have claims considered which were considered upon a direct review of the conviction (*Ciucci* v. *People,* 21 Ill.2d 81; *People* v. *Davis,* 415 Ill. 234), or which could have been presented on the direct review of the conviction. *People* v. *Armes,* 37 Ill.2d 457; *People* v. *Ashley,* 34 Ill.2d 402.

In this case defendant's petition alleged in substance that he was denied a trial by jury, a change of venue, a continuance to select faithful counsel and to obtain witnesses, and that there was undue haste by the court-appointed counsel; that he was unlawfully forced to plead guilty, and that he was compelled to be a witness against himself. The petition was supported by the affidavits of defendant's parents and a brother as to statements of defendant's counsel urging him to plead guilty, regardless of whether or not he was guilty. The affidavits further state that the trial judge told the defendant that he would give him 199 years if he did not plead guilty.

The State's motion to dismiss was on the grounds that the petition failed to raise any new constitutional questions and that any allegations which could be construed as raising such constitutional questions were unsupported by affidavits or the record; that the record indicated the admonishment by the trial judge was adequate and the pleas of guilty were voluntary; that the voluntary pleas waived all errors which were not jurisdictional and that the doctrine of *res judicata* applied to points previously disposed of adversely to defendant.

As we have previously pointed out, a post-conviction hearing is not for the purpose of redetermining constitutional questions which have heretofore been decided by this court. We are of the opinion, however, that our decision in 27 Ill.2d 331, restricted as it was to the common-law record, does not preclude the defendant from raising by way of a

petition under the Post-Conviction Hearing Act, constitutional questions which, by their nature, depended upon facts not found in the record. To hold otherwise, in fact, would render the Act ineffectual.

An examination of the defendant's brief filed in this court in 27 Ill.2d 331 reveals that the defendant alleged, as he did in his petition under the Act, that he was represented by incompetent court-appointed counsel and that his plea of guilty to the charges against him was the result of intimidation and misrepresentation by such counsel. To support these charges, defendant filed with his brief the identical affidavits filed in support of his petition for a post-conviction hearing. In disposing of these allegations in our earlier opinion, we did not refer to the affidavits since the case was before us on the common-law record and held that the record itself did not support the defendant's claims.

The State misconstrues the purpose of the Post-Conviction Hearing Act when it contends that, because of our earlier decision, the doctrine of *res judicata* automatically applies so as to warrant the granting of a motion to dismiss the petition. As we pointed out in *People v. Jennings*, 411 Ill. 21, at page 25, "it is clear that *res judicata* cannot be mechanically applied to foreclose an inquiry which probes beneath the mere fact of adjudication to determine whether or not, in the process of adjudication, there has been any infringement of the constitutional rights of the petitioner."

Here the defendant has filed a petition, supported by accompanying affidavits, alleging imprisonment in violation of his constitutional rights to due process. "A petition meeting these requirements, both as to substantial allegations of the denial of a constitutional right and as to affidavits, is sufficient to invoke the Act. Such a petition calls for an answer from the State's Attorney and a hearing on the merits." *People v. Jennings*, 411 Ill. 21, 26.

We conclude, therefore, that since many of the allegations contained in defendant's petition under the Act require

an inquiry into matters outside of the common-law record, and that since our decision in 27 Ill.2d 331 was based only upon that record, the trial court erred in granting the State's motion to dismiss the petition without a hearing. Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded for a hearing on defendant's petition.

*Reversed and remanded.*

Mr. Justice WARD took no part in the consideration or decision of this case.