THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. ARVID NIX, Petitioner-Appellant.

Third District   No. 3—85—0792

Opinion filed November 25, 1986.

HEIPLE, J., dissenting.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Raymond Kimbell II, State's Attorney, of Galesburg (Terry A. Mertel, State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SCOTT delivered the opinion of the court:

The petitioner, Arvid Nix, appeals from denial of his petition and amended petitions (the petition) under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2). We reverse and remand.

The petitioner was convicted following a jury trial for unlawful delivery of a controlled substance and sentenced to five years' imprisonment, a fine, and restitution. We modified the fine and otherwise affirmed on his direct appeal. (*People v. Nix* (1984), 133 Ill. App. 3d 1054 (Rule 23 order).) The petitioner filed the instant petition both *pro se* and through appointed counsel. The petition alleged, *inter alia,* that the petitioner's trial counsel had been ineffective in failing to question the witnesses until one or two days prior to trial and in refusing to allow the petitioner to testify in his own defense. The petition further alleged that the petitioner was denied a fair trial as one of the jurors slept during trial. In a supporting affidavit, the petitioner stated that counsel did not inform him that he had the right to testify and the right to decide whether to testify.

Following a hearing on a motion by the State to dismiss the petition, the court found that the petitioner's presence was not required at a hearing on the petition. Thereafter, the parties stipulated waiver of further argument on the State's motion to dismiss, on which the court had not specifically ruled. The court then issued a memorandum opinion stating, first, that the petitioner's presence was not required at the post-conviction hearing and, second, that the petition was denied. In denying the petition the court referred, in

relevant part, to the following reasons: counsel's decision for a defendant not to testify is a matter of trial strategy and the instant counsel's decision in that regard is adequately covered in the appellate court's decision on direct appeal, and the court neither saw any nor was advised of any sleeping juror during the trial. The petitioner appeals from that order.

On appeal the petitioner argues that the court erred by dismissing the petition without an evidentiary hearing as it adequately raised substantial constitutional violations outside the record. The State responds that the court did not err in dismissing the petition as the petition's allegations were either waived or determined against the petitioner on direct appeal. With some inconsistency, the State further argues, not in the alternative, that the court did not merely dismiss the petition without a hearing but properly denied the petition on the merits.

■ We find initially that the court dismissed the petition without a full evidentiary hearing. Although the court did not summarily dismiss, and although the petitioner's presence is not necessarily required for an evidentiary hearing, the record is clear that the petitioner was denied the full hearing on the merits which he sought. The order from which the instant appeal is taken was preceded neither by a full presentation of evidence nor even by counsel's argument on the merits of the petition, stages which it cannot be argued the petitioner waived.

■ We next address whether the court properly dismissed. A petition for post-conviction relief must present a substantial showing of the respects in which the petitioner's constitutional rights were violated before a hearing is required on the petition. Ill. Rev. Stat. 1985, ch. 38, par. 122—2; *People v. Pierce* (1971), 48 Ill. 2d 48, 268 N.E.2d 373.

■ We first reject the portion of the petitioner's improper-dismissal argument based upon his allegations that during the trial one juror slept and was otherwise inattentive. The petitioner's failure to call the juror's behavior to the attention of the court waived the point. *People v. Silagy* (1984), 101 Ill. 2d 147, 461 N.E.2d 415.

■ We next address the portion of the petitioner's improper-dismissal argument based upon his allegations of ineffective assistance of counsel.

To prevail on a claim that he was deprived of his constitutional right to counsel, the petitioner must bear the heavy burden of showing that his attorney was incompetent in that but for the attorney's unprofessional errors, the outcome of the trial would probably have

been different. (*People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246.) Considering that standard, we find that the petition's allegation of incompetence of counsel was supported by factors outside the record, particularly by the petitioner's statement that counsel failed to inform him that he had the right to decide whether to testify, and presented a substantial showing of a constitutional violation. We conclude that the petition required a hearing. *Cf. People v. Ford* (1981), 99 Ill. App. 3d 973, 426 N.E.2d 340.

■■ In reaching our conclusion, we note that whether a defendant will testify at his own trial may be influenced by counsel's tactical decisions, but it is ultimately a decision for the defendant. (*People v. Knox* (1978), 58 Ill. App. 3d 761, 374 N.E.2d 957.) We further note that counsel's incomplete or inaccurate information to the defendant regarding the defendant's right to testify is arguably a factor in consideration of whether counsel was ineffective. See *United States v. Curtis* (7th Cir. 1984), 742 F.2d 1070; *United States ex rel. Wilcox v. Johnson* (3rd Cir. 1977), 555 F.2d 115.

■■ Additionally, we reject the State's argument that the instant incompetence issue is *res judicata*. On direct appeal, we reviewed counsel's incompetency solely with reference to his attempts to suppress evidence and his strategic choices not to have the defendant and other witnesses testify. We reviewed those issues with reliance upon the trial record. In contrast, resolution of the instant issues requires an inquiry into matters of trial counsel's dealings with the defendant, matters outside the common law record. See *People v. Thomas* (1967), 38 Ill. 2d 321, 231 N.E.2d 436.

Based on the foregoing, the judgment of the circuit court of Knox County is reversed. The cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:
Relief is not available under the post-conviction hearing procedure for issues which were or should have been raised on direct appeal, and an affirmance on direct appeal is *res judicata* as to all such issues. *People v. Churchill* (1981), 92 Ill. App. 3d 1006, 416 N.E.2d 395.

In the case at bar, the question of whether the petitioner was denied effective assistance of counsel was dealt with and decided

contrary to the petitioner on direct appeal. The petitioner's appellate brief alleged that his trial counsel was ineffective and "should have allowed him to take the stand on his own behalf and present the testimony of alibi witnesses rather than present a defense of misidentification." The petitioner asserted in his amended post-conviction petition that he was "denied effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article One, Section Eight of the Illinois Constitution in that counsel should have allowed this petitioner to take the stand on his own behalf and present the testimony of alibi witnesses rather than present a defense of misidentification." It is clear that the issue raised in the post-conviction petition is identical to the issue decided on direct appeal, and therefore, the trial court properly dismissed.

The majority has allowed the petitioner to sidestep the application of the doctrine of *res judicata* by piecemealing aspects of what was decided on direct appeal. The problem with such piecemealing is twofold. First, the petitioner did not make the distinction between what was decided on direct appeal and what an evidentiary hearing would show in his post-conviction petition. He should not be allowed to make such a distinction in the instant appeal. Secondly, it is evident that the crux of petitioner's post-conviction petition is his allegation that trial counsel presented the wrong defense at trial. That is, trial counsel was ineffective for not allowing petitioner to take the stand and present an alibi defense rather than a defense of misidentification. This court held on direct appeal that trial counsel was not ineffective in his choice of defenses.

The record on appeal contained all facts necessary to decide the issue of trial counsel's competence. Any additional facts supplied by an evidentiary hearing on the post-conviction petition would not have altered the decision that trial counsel was competent. Accordingly, I dissent.