29 June 2000

NO. 4-98-1017

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

          Plaintiff-Appellee,

v.

ROBERT V. DONLEY,

          Defendant-Appellant.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Livingston County

No. 96CF169

Honorable

Harold J. Frobish,

Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In May 1997, the trial court found defendant, Robert V. Donley, guilty of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2) (West 1996)) after a bench trial and later sentenced him to 45 years in prison.  He appealed, and this court affirmed his conviction and sentence, except for our directions that the court (1) modify his sentencing order to reflect that the truth-in-

sentencing statute then in effect would not apply to him and (2) issue a corrected judgment and sentencing order granting defen

dant 235 days' credit for time served.  
People v. Donley
, No. 4-

97-0564 (May 14, 1999) (unpublished order under Supreme Court Rule 23). 

In November 1998, defendant filed a 
pro
 
se
 petition for postconviction relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
through 122-8 (West 1998)).  One week later, the trial court dismissed the petition pursuant to section 122-

2.1(a)(2) of the Act, concluding that it was patently without merit (725 ILCS 5/122-2.1(a)(2) (West 1998)).  Defendant appeals, arguing that because his petition raised the gist of a meritori

ous claim--namely, that the trial judge was asleep during part of his bench trial--the court erred by dismissing his petition.  We agree and reverse and remand for further proceedings.

I. BACKGROUND

Judge Charles Glennon presided at defendant's May 1997 bench trial for the first degree murder of defendant's wife, Carol Donley.  The evidence at trial showed that on November 4, 1996, despite an order of protection barring defendant from contact with Carol, he went to her home, disabled the telephone line to the residence, argued with her, broke out a window, and entered her house.  He then stabbed her repeatedly with a knife, killing her.  He fled the scene but later turned himself in and gave the police a videotaped statement admitting to the acts described above.  Various items of physical evidence corroborated the State's case.

At defendant's trial, he testified that he had gone to Carol's house hoping they could resolve their differences.  He suggested the incident was not planned but that he reacted in anger when Carol argued with him.  Defendant claimed that the circumstances provoked him into his conduct, and his attorney argued that the stabbing had been an act of rage.  Judge Glennon rejected these arguments, found defendant guilty of first degree murder, and noted that in his 21 years as a trial judge, he could not "imagine a more conclusive case where the evidence is so overwhelming as to a defendant's guilt of the offense of first degree murder."  

The primary focus of defendant's lengthy November 1998  
pro
 
se
 postconviction petition was his claim that his trial counsel had provided ineffective assistance.  However, at one point in defendant's lengthy petition, he asserts that during his bench trial, he and his counsel observed Judge Glennon "sleeping about 15 minutes."   

Judge Harold Frobish dismissed defendant's petition in a December 1998 written order.  Judge Frobish rejected the assertions regarding defendant's trial counsel for a variety of reasons, and defendant on appeal does not challenge the dismissal of his petition as to those claims.  Judge Frobish's order dismissing the petition made no specific mention of defendant's allegation that Judge Glennon had slept during the trial but simply concluded generally as follows:  "Other matters raised in defendant's petition are conclusions, mere accusations, or irrelevant."  This appeal followed.

II. ANALYSIS

Defendant argues that the trial court erred by dismiss

ing his petition because he had raised the gist of a meritorious claim--namely, that the trial judge was asleep during part of his bench trial.  We agree.

The Act provides a three-stage process for adjudication of petitions for postconviction relief.  At the first stage, the trial court should not decide the petition on the merits; in

stead, without input from the State or further pleadings from the defendant, the court should simply determine under section 122-

2.1 of the Act if the petition is frivolous or patently without merit (725 ILCS 5/122-2.1 (West 1998)).  See 
People v. Frieberg
, 305 Ill. App. 3d 840, 846-47, 713 N.E.2d 210, 215 (1999).  If a petition presents the gist of a meritorious claim, the court should not dismiss it under section 122-2.1.  
People v. Dredge
, 148 Ill. App. 3d 911, 913, 500 N.E.2d 445, 446 (1986).  We review 
de
 
novo
 the trial court's dismissal of defendant's petition.  
People v. Wilson
, No. 84692, slip op. at 8 (May 18, 2000), ___ Ill. 2d ___, ___, ___ N.E.2d ___, ___; 
People v. Coleman
, 183 Ill. 2d 366, 389, 701 N.E.2d 1063, 1075 (1998).

In 
People v. Lemons
, 242 Ill. App. 3d 941, 946, 613 N.E.2d 1234, 1237 (1993), this court explained that the term "gist of a meritorious claim" is not a bare allegation of a deprivation of a constitutional right.  Instead, the 
pro
 
se
 defendant must plead sufficient 
facts
 from which the trial court could find a valid claim of deprivation of a constitutional right.  
Lemons
, 242 Ill. App. 3d at 946, 613 N.E.2d at 1237.  We further explained that "the trial court should consider the petition at the first stage to determine whether it contains sufficient facts upon which a meritorious constitutional claim 
could
 
be
 based."  (Emphasis in original.)  
Lemons
, 242 Ill. App. 3d at 947, 613 N.E.2d at 1238.  We conclude that defendant's allegation that Judge Glennon was asleep for 15 minutes during defendant's bench trial for first degree murder sufficiently contains the "gist of a claim for relief which is meritorious" as that term was explained in 
Lemons
.  
Lemons
, 242 Ill. App. 3d at 946, 613 N.E.2d at 1237.  

The State contends that defendant has waived this issue by not raising it in the trial court.  In support, the State cites 
People v. Silagy
, 101 Ill. 2d 147, 461 N.E.2d 415 (1984), and 
People v. Nix
, 150 Ill. App. 3d 48, 501 N.E.2d 825 (1986).  However, 
Silagy
 was a direct appeal in which a claim of proce

dural forfeiture would properly apply, whereas the present case involves claims brought pursuant to the Act.  
Nix
 applied 
Silagy
 in a postconviction context, but we doubt that 
Silagy
 applies in such a case.  Applying the procedural forfeiture doctrine as the 
Nix
 court did seems contrary to the whole purpose of a collateral attack, which the Act authorizes.  

The State also argues that the defendant's claim is contradicted by the trial record and that he has failed to establish prejudice.  We first note that the record is silent on the question of whether Judge Glennon was asleep during any portion of the bench trial over which he presided, and we express no opinion regarding the merits of defendant's assertion that he was.  The State's claim to the contrary is based solely upon the detailed discussion of the evidence that Judge Glennon provided when he rendered his guilty finding.  However, the inference from that discussion is not sufficient to overcome the low threshold that defendant must cross at this first stage of the postconvic-

tion process.  

Last, despite the strength of the State's case against defendant, an allegation that the trial judge was asleep during a portion of defendant's bench trial for first degree murder is sufficiently troubling that the matter should proceed to see what, if any, evidence defendant can muster in support of that claim at the second or (possibly) the third stage of proceedings under the Act.  

III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment dismissing defendant's postconviction petition under section 122-2.1 of the Act and remand for further proceedings.  

Reversed and remanded.

GARMAN, J., concurs.

McCULLOUGH, J., dissents.

JUSTICE McCULLOUGH, dissenting:

The bench trial began May 13, 1997.  The trial court conducted the trial over a five-day period, and on May 19, 1997, the trial court found defendant guilty of first degree murder and entered a judgment thereon.

On June 18, 1997, defendant filed a motion for new trial.  The defendant made no mention in his motion of the trial court's personal behavior during trial.  At the hearing on June 26, 1997,  defendant's argument on his motion referred merely to the trial court record.

The defendant's assertion that "[(]12) During [p]eti­

tioner's bench trial [p]etitioner an [
sic
] counsel observed presiding judge Charles Glennon sleeping about 15 minutes during petitioner's bench trial," was not raised in his motion for new trial or in his direct appeal.  Even accepting defendant's assertion as true, it is without merit and subject to waiver.  Both defendant and his counsel were aware at the time of trial of this asserted error.  The issue, not having been raised at trial, in his posttrial motion, or on direct appeal is waived.  In addition, defendant's petition does not point to any prejudice or ruling by the trial court to give any substance to his allega

tion.

To give merit to defendant's assertion as suggested by the majority will open the floodgates in postconviction matters.  To raise this issue to constitutional muster--after a five-day trial where defendant and his attorney observed all the happen

ings as they occurred but made no objection, did not assert error in his posttrial motion, did not raise the issue in direct appeal, and does not point to any prejudice--has me buffaloed.  

I would affirm the trial court's dismissal of defen

dant's postconviction petition.