(text box: 1) NO. 5-01-0162

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Williamson County.  

)

v. ) No. 98-CF-460

)

ANTHONY NEWBOLDS, ) Honorable

) Ronald Eckiss, 

Defendant-Appellant. ) Judge, presiding.  

___________________________________________________________________________

JUSTICE HOPKINS delivered the opinion of the court:

After a bench trial in the circuit court of Williamson County, Anthony Newbolds (defendant) was convicted of home invasion.  On April 10, 2000, defendant was sentenced to 22 years' imprisonment.  As a part of the sentencing, the trial court found that the victim of the home invasion had suffered great bodily harm, and as a result, the court ordered defendant to serve 85% of his 22-year prison sentence, pursuant to section 3-6-3(a)(2)(iii) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3(a)(2)(iii) (West 1998)).  On appeal, defendant contends only that the statutory provision under which he is required to serve 85% of his term of imprisonment is unconstitutional under the United States Supreme Court's decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  We affirm.

FACTS

The evidence at defendant's bench trial was as follows.  During the evening of December 14, 1998, defendant and the two brothers of the woman he was dating were allowed into the home of Raymond Cook upon the ruse that their motor vehicle had broken down and they wanted to use the telephone.  Their real purpose was to collect a debt Cook allegedly owed to defendant or Ralph Sam Gibbs, although Gibbs did not encourage or condone their activity.  The trio, who had concealed crowbars in their winter clothing, beat Cook with the crowbars.  When the attackers saw Cook's wife, two of them started to follow her.  Cook, being a man of considerable build and strength, was then able to fend off his attackers and get his shotgun.  The trio fled the residence and area.  Evidence established that Cook's knees were swollen and black and blue due to the attack.  His shirt was ripped and he had an abrasion on his chest.  Cook's arms were scraped.  Cook also sustained abrasions on his face.  Apparently, a considerable amount of Cook's blood was found in the room where the attack took place.  Photographs of the blood and Cook's injuries were introduced into evidence but were not made a part of the record on appeal.  Prior to the trial, Cook died of a cause unrelated to the home invasion.

At the sentencing hearing, Cook's widow testified that as a result of the attack, Cook sustained a gouge between his left thumb and forefinger which required eight to ten stitches to close and that the injury to the left hand resulted in scarring.  

In sentencing defendant, the court stated:  

"So apparently I have to make a finding based on the evidence submitted as to whether great bodily harm resulted from this incident.  What I remember of the testimony in this case, at least from my notes and my memory at this point in time, is that Mr. Cook's hands were bleeding.  He had scrapes on his arms.  He ended up with bruises on his kneecaps[,] and there was blood on the kitchen floor[,] which I remembered pictures of.  Officer Nagle testified that Mr. Cook had cuts on his hands [and] red marks on his forehead, and that the injury was to his left hand.  Officer Webb testified basically to the same injuries.  ***  I understand the argument, Mr. Orloski [defense counsel], that there may have very well been previous scars on the hand of Mr. Cook.  However, I believe the causing of injuries which requires stitches on that hand to be great bodily harm.  The bruising at the knees would not be[,] but the cuts on the hand would be.  So the way I understand the definition of great bodily harm, I believe that based on the evidence I am required to make the finding that great bodily harm resulted from this."  

Defendant filed a motion to reconsider sentence.  At the hearing on the motion, defendant, relying on 
Apprendi
, asked the court to hold section 3-6-3(a)(2)(iii) of the Unified Code unconstitutional.  The court declined to hold the statute unconstitutional and denied the motion to reduce sentence.  

Defendant was convicted of home invasion, a conviction that requires the sentencing judge to "make a finding as to whether the conduct leading to conviction for the offense resulted in great bodily harm to a victim[] and *** enter that finding and the basis for that finding in the record."  730 ILCS 5/5-4-1(c-1) (West 1998).  Under a separate section of the Unified Code, the Department of Corrections is required to "prescribe rules and regulations for the early release on account of good conduct" of those incarcerated.  730 ILCS 5/3-6-3(a)(1) (West 1998).  When a defendant is convicted of home invasion and the trial court makes the finding that the conduct leading to that conviction resulted in great bodily harm to a victim, then the Department of Corrections is allowed to give that prisoner "no more than 4.5 days of good[-]conduct credit for each month of his or her sentence of imprisonment."  730 ILCS 5/3-6-3(a)(2)(iii) (West 1998).  In this case, the trial court made the finding that the victim of defendant's home invasion suffered great bodily harm, the result of which is that the Department of Corrections may not give defendant more than 4.5 days of good-conduct credit per month.  In other words, defendant is required to serve 85% of his 22-year prison sentence. 

DISCUSSION 

Defendant claims that this statutory scheme is unconstitutional under the recent United States Supreme Court decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  In 
Apprendi
, the Court invalidated a New Jersey statute that permitted a sentencing judge to enhance a defendant's sentence beyond the prescribed statutory maximum if the judge found by a preponderance of the evidence that the crime was committed with a racially biased motive.  The effect of the sentencing scheme at issue in 
Apprendi
 was to elevate the defendant's sentence, which would have been between 5 and 10 years' imprisonment without the judge's finding, to between 10 and 20 years' imprisonment with the finding.  
Apprendi
, 530 U.S. at 468-69, 147 L. Ed. 2d 435, 120 S. Ct. at 2351.  The Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime 
beyond the prescribed statutory maximum
 must be submitted to a jury[] and proved beyond a reasonable doubt."  (Emphasis added.)  
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d 435, 120 S. Ct. at 2362-63.  After discussing the historical foundation for the ruling, the Court acknowledged that it was not suggesting that it was "impermissible for judges to exercise discretion–taking into consideration various factors relating both to offense and offender–in imposing a judgment 
within the range 
prescribed by statute
.
"  (Emphasis in original.)  
Apprendi
, 530 U.S. at 481, 147 L. Ed. 2d 435, 120 S. Ct. at 2358.  

In the instant case, defendant argues that the statutory scheme under which he was sentenced is unconstitutional under the rules set forth in 
Apprendi
 because the length of time he is to serve in prison was heightened by the judge's finding of great bodily harm.  This argument must fail.  Whether defendant serves all or part of the 22-year term of imprisonment to which he was sentenced, that term will not be in excess of the prescribed maximum penalty for home invasion, a Class X felony (720 ILCS 5/12-11(c) (West 1998)).  Nothing in 
Apprendi
 constrains the legislature's ability to define the manner in which a sentence imposed within the statutory range must be served.  
People v. Fender
, No. 5-00-0227,  slip op. at 13 (September 27, 2001).

The rationale upon which the 
Apprendi
 decision is based negates defendant's argument.  The Court in 
Apprendi
 explained its decision in part based upon its prior decision in 
McMillan v. Pennsylvania
, 477 U.S. 79, 91 L. Ed. 2d 67, 106 S. Ct. 2411 (1986).  In 
McMillan
, the defendant challenged Pennsylvania's Mandatory Minimum Sentencing Act as violating his sixth amendment right to a jury trial.  
McMillan
, 477 U.S. at 80, 91 L. Ed. 2d at 73, 106 S. Ct. at 2413.  That act requires sentencing judges to impose a minimum sentence of five years' imprisonment for certain enumerated felonies if the judge finds, by a preponderance of the evidence, that the defendant visibly possessed a firearm during the commission of the offense.  
McMillan
, 477 U.S. at 81, 91 L. Ed. 2d at 73, 106 S. Ct. at 2413.  The Court in 
McMillan
 noted, "[Pennsylvania's Mandatory Minimum Sentencing] Act operates to divest the judge of discretion to impose any sentence of less than five years for the underlying felony; it does not authorize a sentence in excess of that otherwise allowed for that offense."  
McMillan
, 477 U.S. at 81-82, 91 L. Ed. 2d at 73, 106 S. Ct. at 2413-14. 

The Court in 
Apprendi
 noted that the sentencing scheme reviewed in 
McMillan
 remained constitutional under its analysis in 
Apprendi
.  We find that the statutory scheme at issue in the case at bar is similar to the sentencing scheme found to be constitutional in 
McMillan 
and again in 
Apprendi
.  In 
McMillan
, the sentencing scheme provided for a mandatory minimum sentence of five years.  In the case at bar, the statutory scheme provides for a mandatory minimum sentence of 85% of defendant's term of incarceration.  Just as in 
McMillan
, the statutory scheme under which defendant is required to serve a minimum portion of his term of imprisonment " 'neither alters the maximum penalty for the crime committed nor creates a separate offense calling for a separate penalty; it operates solely to limit the sentencing court's discretion in selecting a penalty within the range already available to it without the special finding.' "  
Apprendi
, 530 U.S. at 486, 147 L. Ed. 2d 435, 120 S. Ct. at 2361 (quoting 
McMillan
, 477 U.S. at 87-88, 91 L. Ed. 2d at 77, 106 S. Ct. at 2417).

We follow the rulings of the United States Supreme Court in 
McMillan 
and 
Apprendi
 and hold that the statutory scheme under which defendant is eligible for no more than 4.5 days of good-conduct credit per month is constitutional.  
Fender
, slip op. at 14.  We also follow the decision of the Fourth District Appellate Court in 
People v. Garry
, 323 Ill. App. 3d 292, 752 N.E.2d 1244 (2001), wherein the court held that 
Apprendi
 concerns are not implicated by section 3-6-3(a)(2)(iii) of the Unified Code.  
Garry
, 323 Ill. App. 3d at 299, 752 N.E.2d at 1250.  

CONCLUSION

For all of the reasons stated, we affirm defendant's conviction and sentence.

Affirmed.  

GOLDENHERSH and RARICK, JJ., concur.

NO. 5-01-0162

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Williamson County.  

)

v. ) No. 98-CF-460

)

ANTHONY NEWBOLDS, ) Honorable

) Ronald Eckiss, 

Defendant-Appellant. ) Judge, presiding.  

___________________________________________________________________________

Opinion Filed
: October 2, 2001

___________________________________________________________________________

Justices
: Honorable Terrence J. Hopkins, J.

Honorable Richard P. Goldenhersh, J., and

Honorable Philip J. Rarick, J.,

Concur

___________________________________________________________________________

Attorneys
 Daniel M. Kirwan, Deputy Defender, Janet Gandy Fowler, 

for
 Assistant Defender, Office of the State Appellate Defender, 

Appellant
 Fifth Judicial District, Route 15 East, P.O. Box 2430, Mt. 

Vernon, IL  62864-0047

___________________________________________________________________________

Attorneys
 Hon. Charles Garnati, Williamson County State's Attorney, 

for
 Williamson County Courthouse, Marion, IL  62959; Norbert

Appellee
 J. Goetten, Director, Stephen E. Norris, Deputy Director, 

Patrick D. Daly, Staff Attorney, Office of the State's Attorneys

Appellate Prosecutor, Route 15 East, P.O. Box 2249, Mt. Vernon,

IL  62864

___________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 10/02/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.