Rule 23 order filed
 NO. 5-02-0526

August 31, 2004;

Motion to publish granted
 IN THE

September 30, 2004.

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  Williamson County.  

)

v. )  No. 98-CF-460

)

ANTHONY NEWBOLDS, )  Honorable

   )  John Speroni,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

Following a bench trial in the circuit court of Williamson County, the defendant, Anthony Newbolds, was convicted of home invasion and, on April 11, 2000, was sentenced to a term of imprisonment of 22 years.  His conviction and sentence were affirmed by this court on direct appeal.  
People v. Newbolds
, 325 Ill. App. 3d 192 (2001).  In that appeal, the defendant raised a single issue–the applicability of 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), to truth in sentencing. 

On May 31, 2002, the defendant, acting 
pro se
, filed the first of two petitions pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 
et seq.
 (West 2000)).  The petition was 72 pages long and raised a myriad of issues.  It was subsequently amended, 
pro se
, adding an additional argument.  

On July 1, 2002, the circuit court of Williamson County dismissed the petition as frivolous and patently without merit, pursuant to section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2000)).  The trial court specifically found that the defendant had not "met his burden of making a substantial showing" of a denial of his constitutional rights and that the issues raised in the petition either were raised and decided in the defendant's direct appeal and were therefore 
res judicata
 or could have been raised in the direct appeal but were not and were therefore waived.  After the denial of his motion to reconsider the dismissal of his postconviction petition, the defendant filed a notice of appeal.  

While the appeal from the dismissal of his first postconviction petition was pending, the defendant filed, on January 22, 2003, a second 
pro se
 postconviction petition, asserting, among other things, that the dismissal of the first petition on waiver and 
res judicata
 grounds had been improper.  This second petition was 152 pages long and, like the first one, was verified.    

On February 5, 2003, the circuit court of Williamson County dismissed the second postconviction petition as frivolous and patently without merit.  The trial court specifically found that the defendant had not "met his burden of making a substantial showing" of a deprivation of his constitutional rights.  After the denial of his motion to reconsider, the defendant also appealed the dismissal of his second postconviction petition.

On this court's own motion the two appeals have been consolidated for review.  In his brief on appeal, the defendant points out that the second postconviction petition raises no substantive claims independent of those contained in the first petition.  Accordingly, the defendant states that on appeal he challenges only the dismissal of the first postconviction petition, urging that both bases for the trial court's dismissal were erroneous.    

Our review of the circuit court's dismissal of a postconviction petition pursuant to section 122-2.1(a)(2) of the Act is 
de novo
.  
People v. Edwards
, 197 Ill. 2d 239, 247 (2001).  We are free to substitute our own judgment for that of the circuit court in order to formulate the legally correct answer.  
Edwards
, 197 Ill. 2d at 247.  

A postconviction petition is properly dismissed pursuant to section 122-2.1(a)(2) of the Act if the petition is found to be "frivolous" or "patently without merit."  725 ILCS 5/122-2.1(a)(2) (West 2000).  A postconviction petition is considered frivolous or patently without merit only if the allegations of the petition, taken as true and liberally construed, fail to present the " 'gist of a constitutional claim.' "  
Edwards
, 197 Ill. 2d at 244 (quoting 
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996)).  The "gist" standard is a low threshold, and to set forth the gist of a constitutional claim, the postconviction petition need only present a limited amount of detail and need not set forth the claim in its entirety.  
Edwards
, 197 Ill. 2d at 244.  Further, the petition need not include legal arguments or citations to legal authority.  
Edwards
, 197 Ill. 2d at 244.  Accordingly, at this first stage of proceedings, the defendant need not make a substantial showing of a constitutional violation but need only present the gist of a constitutional claim without legal argument or citation to legal authority.  
Edwards
, 197 Ill. 2d at 244, 246.  If the defendant passes this initial hurdle of presenting the gist of a constitutional violation, he is entitled to the appointment of counsel, who can amend the petition to meet the higher hurdle of making a substantial showing of a constitutional violation.  725 ILCS 5/122-4 (West 2000).  

In 
Edwards
, 197 Ill. 2d at 244, 246, the Illinois Supreme Court made it clear that, at the first stage of postconviction proceedings, the petition need only present the gist of a constitutional claim in order to proceed to the second stage of proceedings, at which the State is required to answer or move for a dismissal.  725 ILCS 5/122-5 (West 2000).  At this second stage, the court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation.  
Edwards
, 197 Ill. 2d at 246.  If no such showing is made, the petition is dismissed; if the requisite showing is made, the petition is set for an evidentiary hearing.  
Edwards
, 197 Ill. 2d at 246.  The supreme court made it clear that at the first stage of proceedings it is inappropriate to consider whether a substantial showing of a constitutional violation has been made.  
Edwards
, 197 Ill. 2d at 246.  At this first stage, the trial court may only consider whether the petition states the gist of a constitutional claim.  See also 
People v. Coleman
, 183 Ill. 2d 366, 380-81 (1998).  

Because in the instant case the circuit court appeared to have employed the inappropriate standard of a substantial showing of a constitutional claim, rather than the lighter burden of presenting a gist of a constitutional violation, we reverse the dismissal of the defendant's postconviction petition on this basis.

We must still address the propriety of the trial court's dismissal based on the doctrines of waiver and 
res judicata
.  While the supreme court has not definitively spoken on this issue, this court has.  In 
People v. McCain
, 312 Ill. App. 3d 529 (2000), the defendant filed a postconviction petition, which the trial court summarily dismissed on the grounds of untimeliness, waiver, and 
res judicata
.  We reversed on the ground that the trial court was limited to determining if the petition was frivolous or patently without merit and that, in dismissing on the basis of untimeliness, waiver, and 
res judicata
, the trial court impermissibly had taken on the adversarial role of prosecutor.  Timeliness, waiver, and 
res judicata
 are procedural bars to proceeding on the petition and are properly raised by the prosecutor in a motion to dismiss, not by the trial court at the first stage of postconviction proceedings.  As we stated: "A petition's untimeliness does not mean that it necessarily lacks merit.  If an untimely petition demonstrates that a defendant suffered a deprivation of constitutional magnitude, a dutiful prosecutor may waive the procedural defect."  
McCain
, 312 Ill. App. 3d at 531.  

Similarly, in 
People v. Johnson
, 312 Ill. App. 3d 532 (2000), we held that the time limitations in the Act should be considered affirmative defenses which can be waived if not raised by the State.  Accordingly, at the first stage of postconviction proceedings, the trial court should refrain from a summary dismissal based on untimeliness.  Instead, the question of timeliness should await a responsive pleading from the State.  We stated, "[The first stage of postconviction proceedings] measures a petition's substantive virtue rather than its procedural compliance."  
Johnson
, 312 Ill. App. 3d at 534.  

Like the untimeliness of filing, waiver and 
res judicata
 are affirmative defenses that can be waived if not raised by the State.  They are procedural bars to proceeding on the petition but do not go to the substantive merits of the petition.  At the first stage of postconviction proceedings, the petition should be measured by its substantive virtue rather than by its procedural compliance.

As we have stated, the supreme court has not spoken definitively on the issues of waiver and 
res judicata
.  It has, however, spoken definitively on the issue of timeliness, and we believe its reasoning applies equally to the questions of waiver and 
res judicata
.  In 
People v. Boclair
, 202 Ill. 2d 89 (2002), the supreme court affirmed our decision in 
McCain
 and 
Johnson
 with respect to the issue of timeliness.  The court held that the timeliness of the filing does not go to the merits of the petition.  "If a petition is untimely that does not necessarily mean that the petition lacks merit."  
Boclair
, 202 Ill. 2d at 101.  The time limitations in the Act should be considered an affirmative defense that can be raised, waived, or forfeited by the State.  
Boclair
, 202 Ill. 2d at 101.  

We believe that waiver and 
res judicata
 are also affirmative defenses which can be raised, waived, or forfeited by the State.  Accordingly, a trial court errs when at the first stage of a postconviction proceeding it assumes the role of prosecutor, raises and adjudicates the affirmative defenses of waiver and 
res judicata
, and summarily dismisses a petition on the basis thereof.  Like timeliness, these questions are properly left for the second stage of postconviction proceedings, when a dutiful prosecutor can decide whether to raise, waive, or forfeit the procedural defect.

Other districts of this court have agreed with our position.  In 
People v. McGhee
, 337 Ill. App. 3d 992 (2003), the defendant's petition was summarily dismissed on the grounds of waiver and 
res judicata
.  The First District held that a summary dismissal on these grounds was error.  The court held that, like timeliness, the doctrines of waiver and 
res judicata
 do not address the question of whether a claim is frivolous or without merit; rather, they constitute procedural bars to a defendant's right to prevail on a claim, regardless of its substantive merit.  
McGhee
, 337 Ill. App. 3d at 995; see also 
People v. Blair
, 338 Ill. App. 3d 429 (2003), 
appeal allowed
, 205 Ill. 2d 594 (2003).       

We are aware that other courts have disagreed with our position and have held that waiver and 
res judicata
 are proper grounds for summarily dismissing a postconviction petition because, " 'although procedural constructs, [they] are also substantive considerations to the extent that they define and limit the substantive scope and purpose of the Act.' "  
People v. Smith
, 345 Ill. App. 3d 868, 871 (2004) (quoting 
People v. Smith
, 341 Ill. App. 3d 530, 537 (2003)); see also 
People v. Jefferson
, 345 Ill. App. 3d 60 (2003).  Upon close analysis, we find the reasoning of these cases to be circular, and we adhere to our previous decisions in 
McCain
 and 
Johnson
.     

We are also aware of 
People v. Etherly
, 344 Ill. App. 3d 599 (2003), the reasoning of which we find somewhat persuasive but which does not apply to the case at bar.  
Etherly
 held that 
res judicata
 could be the basis for a first-stage dismissal, provided the trial court does not engage in fact finding, a resolution of disputed facts, or considerations outside the record and if the petition alleges issues previously decided and thereby substantively rebutted by the record, as reflected by the circuit court's consideration of the trial and appellate records in accordance with sections 122-2.1(a)(2) and 122-2.1(c) of the Act (725 ILCS 5/122-2.1(a)(2), (c) (West 2002)).  
Etherly
, 344 Ill. App. 3d at 602.  
Res judicata
 does go to the merits of the petition, because if the issue has been ruled on before and the defendant is raising it again, then necessarily the issue has no substantive merit because it has already been decided 
adversely
 to the defendant.  Accordingly, 
res judicata
 may be a proper basis for a first-stage dismissal where the trial and appellate court records demonstrate on their face that the issue has already been litigated and decided adversely to the defendant.  The same cannot be said of waiver or procedural default based on the defendant's failure to raise an issue on direct appeal.  A fully meritorious claim may be waived or procedurally defaulted due to the defendant's failure to raise it at the earliest opportunity.  A finding of waiver does not address the substantive merits of the petition.  Accordingly, a first-stage dismissal is not appropriate on the ground of waiver or procedural default.  
Etherly
, 344 Ill. App. 3d at 602.   In the instant case, although the trial court relied on 
res judicata
 as a basis for the dismissal, we note that none of the issues which the defendant argues the trial court erred in dismissing had been raised in the direct appeal of this case.  Accordingly, they have not been ruled upon and are not 
res judicata
.  The trial court erred in dismissing on the basis of 
res judicata
.  Furthermore, because waiver is not a proper basis for a first-stage dismissal, the trial court erred in dismissing on the basis of waiver.  Even were we to adopt the reasoning of 
Etherly
, we could not affirm the dismissal of the petition.  See also 
People v. Campbell
, 345 Ill. App. 3d 810 (2004); 
People v. Stivers
, 338 Ill. App. 3d 262 (2003).  

For the foregoing reasons, we reverse the decision of the circuit court of Williamson County that summarily dismissed the defendant's first postconviction petition.  We remand this cause to the circuit court for further proceedings in accordance with sections 122-4 through 122-6 of the Act (725 ILCS 5/122-4 through 122-6 (West 2002)).  See 
People v. Rutkowski
, 225 Ill. App. 3d 1065, 1068, 589 N.E.2d 163, 166 (1992).  

Reversed; cause remanded.

CHAPMAN, P.J., and DONOVAN, J., concur.