THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEBORAH S. GRENKO, Defendant-Appellant.

Fourth District    No. 4—03—0294

Opinion filed March 28, 2005.

KNECHT, J., dissenting.

Daniel M. Kirwan and Michelle A. Zalisko, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

Defendant, Deborah S. Grenko, appeals the order summarily dismissing her *pro se* petition filed under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 through 122—8 (West 2002)). Defendant argues the circuit court applied the wrong standard in dismissing her petition at the first stage of postconviction proceedings and she raised the gist of a meritorious claim. We affirm.

## I. BACKGROUND

In September 1999, a jury convicted defendant of solicitation of murder for hire (720 ILCS 5/8—1.2 (West 1996)). In October 1999, the trial court sentenced defendant to 30 years' imprisonment. This court affirmed defendant's conviction on direct appeal. *People v. Grenko*, No. 4—99—0892 (April 5, 2002) (unpublished order under Supreme Court Rule 23).

In December 2002, defendant filed a *pro se* postconviction petition. The 61-page petition was accompanied by exhibits numbered 1 to 59b and set forth many alleged errors. These alleged errors included the following: (1) jurors slept during trial; (2) defense counsel was ineffective for, among other things, failing to seek a fitness hearing; (3) the jurors were exposed to prejudicial news articles; (4) the prosecution and defense counsel made improper statements during trial; and (5) the charging instrument was flawed. In February 2003, the circuit court, concluding the claims in the petition were frivolous and patently without merit, denied the petition. This appeal followed.

## II. ANALYSIS

On appeal, defendant asserts the circuit court erred by applying the wrong standard and dismissing her petition. Defendant contends the circuit court improperly examined the merits of her allegations at the first stage, instead of determining whether the petition set out the gist of a meritorious claim. Defendant cites three examples of the court's alleged failure to apply the appropriate standard and then simply concludes she stated the gist of a meritorious claim.

The State argues defendant challenges only the trial court's reasoning in dismissing her postconviction petition and not the correctness of the court's decision. The State concludes defendant has

thus forfeited consideration of the merits of the decision. In the alternative, the State addresses defendant's three contentions and argues the court's decision was proper.

By enacting the Act, the legislature provided a remedy for those defendants who suffered a substantial violation of constitutional rights at trial. See *People v. Edwards*, 197 Ill. 2d 239, 243-44, 757 N.E.2d 442, 445 (2001). According to the Act, in cases not involving the death penalty, a postconviction proceeding has three stages. *Edwards*, 197 Ill. 2d at 244, 757 N.E.2d at 445. "At the first stage, the circuit court must independently review the post[ ]conviction petition *** and determine whether 'the petition is frivolous or is patently without merit.' " *Edwards*, 197 Ill. 2d at 244, 757 N.E.2d at 445, quoting 725 ILCS 5/122—2.1(a)(2) (West 1998). If the court finds the petition to be frivolous or patently without merit, it must dismiss the petition. 725 ILCS 5/122—2.1(a)(2) (West 2002). A postconviction petition is frivolous or patently without merit if the petition's allegations, liberally construed and taken as true, do not present the gist of a constitutional claim. See *People v. Gaultney*, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). To state the "gist of a constitutional claim," a low threshold, the petition need not present the claim in its entirety but "need only present a limited amount of detail." *Gaultney*, 174 Ill. 2d at 418, 675 N.E.2d at 106.

If the petition states the gist of a claim and the petition is not dismissed, the petition proceeds to the second stage, where, if necessary, counsel is appointed for defendant and the State may file responsive pleadings. See *Edwards*, 197 Ill. 2d at 245-46, 757 N.E.2d at 446. The trial court then must decide whether defendant's petition and documentation "make a substantial showing of a constitutional violation." *Edwards*, 197 Ill. 2d at 246, 757 N.E.2d at 446. If not, the circuit court must dismiss the petition. If the defendant has made a substantial showing of a constitutional violation, the petition advances to the third stage at which the court holds an evidentiary hearing. *Edwards*, 197 Ill. 2d at 246, 757 N.E.2d at 446, citing 725 ILCS 5/122—6 (West 1998). We review *de novo* summary dismissals of postconviction petitions. *People v. Patton*, 315 Ill. App. 3d 968, 972, 735 N.E.2d 185, 189 (2000).

We agree with the State that defendant's arguments on appeal are flawed because they challenge the trial court's reasoning but not the ultimate decision. Defendant's brief's failure to address the merits of the decision makes it difficult for us to ascertain and resolve the issues raised. Generally, such a failure would result in a finding that the appellant forfeited consideration on appeal. See 210 Ill. 2d R. 341(e)(7)

("Points not argued are waived"); see also *Elder v. Bryant*, 324 Ill. App. 3d 526, 533, 755 N.E.2d 515, 522 (2001). Compliance with Rule 341(e)(7) is, however, not jurisdictional. *People v. Donoho*, 204 Ill. 2d 159, 169, 788 N.E.2d 707, 714 (2003). Because one of defendant's assertions causes debate as to whether a gist of a meritorious claim was raised, we will address that issue.

Defendant argues that the circuit court improperly dismissed her claim that she was denied a fair trial because jurors were sleeping during her trial. To support her assertion, defendant attached a notarized letter from her mother and her own affidavit, both stating some jurors slept through the trial. Defendant failed to alert the trial court to the sleeping jurors during the trial.

The State contends that because defendant failed to alert the court to the sleeping jurors during the trial, the issue is waived. The State relies upon *People v. Silagy*, 101 Ill. 2d 147, 461 N.E.2d 415 (1984), and *People v. Nix*, 150 Ill. App. 3d 48, 501 N.E.2d 825 (1986).

In *Silagy*, our supreme court found the defendant forfeited, on direct appeal, consideration of his argument he was denied a fair trial because a juror was seen sleeping. *Silagy*, 101 Ill. 2d at 170-71, 461 N.E.2d at 426-27. The court held a defendant who sees a juror sleeping has "a duty to call it to the attention of the court at that time." *Silagy*, 101 Ill. 2d at 171, 461 N.E.2d at 427. In *Nix*, the Third District, on appeal from the dismissal of a postconviction petition, applied *Silagy* and rejected the argument premised on the allegation that a juror slept during trial. *Nix*, 150 Ill. App. 3d at 50, 501 N.E.2d at 827.

This court in *People v. Donley*, 314 Ill. App. 3d 671, 674, 731 N.E.2d 1260, 1263 (2000), concluded that a defendant's allegation that the trial judge was asleep for 15 minutes during the defendant's bench trial for first degree murder "sufficiently contain[ed] the 'gist of a claim for relief which is meritorious.' " This court refused to apply waiver despite the fact that the defendant and his counsel were aware of the sleeping judge yet did not raise the asserted error at the time of trial. *Donley*, 314 Ill. App. 3d at 674, 731 N.E.2d at 1263. We disagree with the ruling in *Donley*.

We agree with *Nix* and apply *Silagy*'s forfeiture rule to defendant's postconviction argument. The purpose of the doctrine of waiver is "to bring alleged errors to the attention of the trial judge and allow that judge an opportunity to correct them, to give the reviewing court the benefit of the judgment and comments of the court below, and to prevent unlimited litigation and unnecessary review of matters which could better be corrected in the court below." *People v. Dunn*, 160 Ill. App. 3d 11, 15, 513 N.E.2d 113, 115 (1987). Had defendant brought the sleeping jurors to the court's attention during the trial, it could

have been easily detected and addressed. Because defendant failed to alert the court to the sleeping jurors, she deprived the court of the opportunity to address the problem. Illinois courts have held that the waiver rule is particularly appropriate when an objection could have easily cured the problem during the trial. See *People v. Spencer*, 347 Ill. App. 3d 483, 486-87, 807 N.E.2d 1228, 1231 (2004) (applying waiver when on appeal a defendant argued insufficient foundation for expert testimony, but failed to object at trial).

The judge's presence in the courtroom assures defendants fair trials. The Supreme Court of Illinois has observed that "without the trial judge's presence in the courtroom, there is no judicial authority which can observe, cure, and deter objectionable conduct which may have the effect of prejudicing the defendant in the minds of the jury." *People v. Vargas*, 174 Ill. 2d 355, 364, 673 N.E.2d 1037, 1042 (1996). How can a trial judge ever dispute a defendant's posttrial affidavit that a juror was sleeping unless the defendant brings the sleeping to the judge's attention at the time it occurs? Further, "the atmosphere of the courtroom[ ] cannot be reproduced in the record," so Illinois courts traditionally yield to the trial judge's singular position of assessing and determining the impact of improper conduct. *Green v. University of Chicago Hospitals & Clinics*, 258 Ill. App. 3d 536, 541-42, 631 N.E.2d 271, 275-76 (1994). If we allow a defendant to ignore sleeping jurors during the trial, but then argue the ill effects of their sleeping after the jury returns a verdict against them in what the trial judge determined to be a fair trial, we open the door for any convicted defendant who will swear, and/or get a relative to swear, that the jurors were sleeping.

Waiver is not usually appropriate at the summary-dismissal stage. *People v. Newbolds*, 352 Ill. App. 3d 678, 682, 816 N.E.2d 1114, 1118 (2004) (supreme court has not spoken definitively on issues of waiver and *res judicata*); see also *People v. Campbell*, 345 Ill. App. 3d 810, 813, 803 N.E.2d 1047, 1049-50 (2004). There are degrees of waiver, however. Because of the trial judge's singular position in assessing courtroom conduct, atmosphere, and demeanor, a failure to bring such problems to the attention of the trial judge prevents their ever being addressed. Failure to object in these cases is not a mere technical violation, an interference with efficient administration, but an insurmountable barrier to evaluation of concerns that cannot be reproduced in the record. More than simple waiver was involved here.

For the stated reasons, we affirm the circuit court's order dismissing defendant's postconviction petition.

Affirmed.

McCULLOUGH, J., concurs.

JUSTICE KNECHT, dissenting:

I believe defendant has stated the gist of a constitutional claim. Allegations that three named jurors slept during her trial for solicitation of murder for hire is sufficiently troubling to allow the petition to proceed to the second stage of postconviction review.

When *Donley*, 314 Ill. App. 3d 671, 731 N.E.2d 1260, was decided, Justice McCullough's dissent expressed concerns. Yet there has not been a flood of claims that judges or jurors were sleeping during trials. Very few convicted defendants have attempted to come through the door the majority implicitly claims was opened in *Donley*.

The majority says it disagrees with the ruling in *Donley*. Does that mean *Donley* is overruled? Or is this case somehow distinguishable because it involves jurors rather than a slumbering judge?

The trial judge here says perhaps one or more jurors simply closed their eyes during lengthy proceedings. That sounds like fact-finding or perhaps idle speculation. The majority suggests clever defendants and their lawyers may ignore sleeping jurors during trial and then argue about the ill effects of such peaceful repose after the adverse verdict.

I am confident the trial judges of Illinois can prevent such problems. The issue is not whether future defendants will make such claims. The issue is whether defendant's claim entitles her to the second stage of the postconviction process. Applying waiver to her argument at the summary-dismissal stage is not appropriate. One purpose of the postconviction process is to review alleged errors that were not corrected at trial or on appeal. Nothing has changed since the decision in *Donley*. Unless a compelling reason exists to ignore *Donley*, we should respect precedent.