No. 2-08-1100     Filed:  11-16-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--4226 |
| | ) ) | Honorable |
| WADE D. TAYLOR, | ) ) | Rosemary M. Collins and Steven G. Vecchio, |
| Defendant-Appellant. | ) | Judges, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

In 2005, after a jury trial, defendant, Wade D. Taylor, was found guilty of home invasion (720 ILCS 5/12--11(a)(2) (West 2004)) and was sentenced to 15 years' imprisonment.  On direct appeal, this court affirmed.  People v. Taylor, No. 2--05--0953 (2007) (unpublished order under Supreme Court Rule 23).  In June 2007, defendant filed a petition for relief from judgment pursuant to section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2006)), and in July 2008, he filed a postconviction petition pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122--1 et seq. (West 2008)).  The trial court granted the State's motion to dismiss defendant's section 2--1401 petition and summarily dismissed defendant's postconviction petition as frivolous and patently without merit (725 ILCS 5/122--2.1(a)(2) (West 2008)).  Defendant's notice of appeal reflects that he was challenging the trial court's dismissal of both his section 2--1401 petition and his

postconviction petition. His brief on appeal, however, challenges only the trial court's summary dismissal of his postconviction petition. For the reasons that follow, we affirm.

The Act provides a remedy to criminal defendants who have suffered substantial violations of their constitutional rights. People v. Barcik, 365 Ill. App. 3d 183, 190 (2006). When the death penalty is not involved, there are three stages to the proceedings. Barcik, 365 Ill. App. 3d at 190. During the first stage, the trial court determines whether the defendant's allegations sufficiently demonstrate a constitutional violation that would necessitate relief. People v. Coleman, 183 Ill. 2d 366, 380 (1998). The trial court may summarily dismiss the petition if it finds that the petition is "frivolous or is patently without merit." 725 ILCS 5/122--2.1(a)(2) (West 2008). A petition is "frivolous or patently without merit" if "the petition has no arguable basis either in law or in fact." People v. Hodges, 234 Ill. 2d 1, 16 (2009). A petition lacking an arguable basis either in law or in fact is one "based on an indisputably meritless legal theory or a fanciful factual allegation." Hodges, 234 Ill. 2d at 16. "We review de novo the first-stage dismissal of a postconviction petition." Barcik, 365 Ill. App. 3d at 190.

In his postconviction petition, defendant alleged, among other things, that one of the jurors was crying during the victim's testimony. Defendant's affidavit, attached to his postconviction petition, stated:

"I, Wade D. Taylor, witnessed on my trial date (July 19, 2005), a young lady on my jury getting emotional (crying) during the testimony of the soul [sic] complaining witness against me, Megan E. Blunt. My public defender also noticed and motioned to the judge what was happening. The judge stopped the testimony of Ms. Blunt so that the jury could take a break.

I believe the Court said that it would take a short recess because one of the jurors need[ed] to use the restroom."

The report of proceedings reflects that the following occurred during the victim's testimony.

"MS. PESHEK [Defense Attorney]: If I could have a moment please, Judge.

THE COURT: We are going to take a short recess at this time.

(To the witness) Just wait there for a moment.

(Jury leaves)

THE COURT: One of the jurors indicated they needed to [use] the rest room. That's why we took a short recess."

Despite making other allegations in his postconviction petition, defendant, on appeal, claims only that his allegation that a juror was crying stated the gist of a constitutional claim. However, because defendant forfeited his claim that a juror was crying during the victim's testimony, the trial court did not err when it summarily dismissed defendant's postconviction petition.

Postconviction claims of juror misconduct, such as sleeping or inattentiveness, must be brought to the trial court's attention or they are forfeited. See People v. Escobedo, 377 Ill. App. 3d 82, 89 (2007) (postconviction claim that a juror was sleeping was forfeited where the defendant failed to object at trial); People v. Grenko, 356 Ill. App. 3d 532, 535-36 (2005) (postconviction claim that a juror was sleeping was forfeited where the defendant failed to bring the issue to the trial court's attention during trial); People v. Nix, 150 Ill. App. 3d 48, 50 (1986) (postconviction claim that juror was sleeping or otherwise inattentive was forfeited where the defendant failed to bring the juror's behavior to the trial court's attention during trial). The Fourth District stated in Grenko:

"If we allow a defendant to ignore sleeping jurors during the trial, but then argue the ill effects of their sleeping after the jury returns a verdict against them in what the trial judge determined to be a fair trial, we open the door for any convicted defendant who will swear, and/or get a relative to swear, that the jurors were sleeping.

   *** Because of the trial judge's singular position in assessing courtroom conduct, atmosphere, and demeanor, a failure to bring such problems to the attention of the trial judge prevents their ever being addressed. Failure to object in these cases is not a mere technical violation, an interference with efficient administration, but an insurmountable barrier to evaluation of concerns that cannot be reproduced in the record. More than simple waiver was involved here." Grenko, 356 Ill. App. 3d at 536.

Here, although defendant claims in his affidavit that his attorney "motioned to the judge what was happening," the record does not reflect that he made any objection or mistrial request based on the juror's behavior. Moreover, the record fails to reflect that any discussion occurred regarding a crying juror. Defendant makes no claim in his petition or affidavit that he registered an objection or requested a mistrial. Without either of these, the trial court was not given the opportunity to remedy any prejudice defendant now claims to have suffered as a result of the juror's emotional display. Moreover, as the State argues, even if defense counsel did motion to the trial court, nothing in the record or defendant's petition or affidavit indicates that the trial court was actually aware that a juror was crying. Rather, the record simply reflects that the trial court called a recess because it believed that a juror needed to use the restroom. By all accounts, then, it appears that defendant failed to effectively raise the issue in the trial court. Defendant's postconviction claim that he was prejudiced by a crying juror is, therefore, forfeited. Accordingly, defendant's petition failed to set

forth a sufficient basis, either in law or in fact, to establish a constitutional violation for purposes of invoking the Act. See Hodges, 234 Ill. 2d at 16.

On our review of the record, we hold that the trial court's summary dismissal of defendant's postconviction petition was proper. See Escobedo, 377 Ill. App. 3d at 90-91 (affirming the trial court's summary dismissal of the defendant's postconviction petition where his claim that a juror was sleeping during trial was forfeited); Grenko, 356 Ill. App. 3d at 537 (same).

For the foregoing reasons, we affirm the judgment of the circuit court of Winnebago County.

Affirmed.

McLAREN and JORGENSEN, JJ., concur.